J-S77040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODERICK SIMS | : | |
| | : | No. 371 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order January 17, 2017
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000385-2008

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED DECEMBER 21, 2017**

Appellant appeals from the order entered in the Court of Common Pleas of Union County dismissing his third petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

On September 27, 2008, Appellant shot and killed Charity Sprickler and threatened two other individuals who were in the residence with Ms. Sprickler. On October 12, 2012, a jury convicted Appellant of burglary, second-degree murder, and Terroristic Threats.  On November 2, 2012, he was sentenced to life imprisonment.

On September 11, 2013, this Court affirmed judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 22, 2014.  Accordingly, Appellant's judgment of sentence became final ninety days later, on December 21, 2014, upon the

_____

*   Former Justice specially assigned to the Superior Court.

expiration of the 90-day period in which to file a petition for writ of certiorari to the United States Supreme Court. **See Commonwealth v. King**, 999 A.2d 598, 599 n. 1 (Pa.Super. 2010) (noting judgment of sentence becomes final 90 days after Pennsylvania Supreme Court denies allocator as defendant has 90 days from said denial to file petition for writ of *certiorari* to United States Supreme Court).

Therefore, Appellant had until December 21, 2015, to file a timely PCRA petition. **See** 42 Pa.C.S.A § 9545(b)(1) (a PCRA petition shall be filed within one year of the date the judgment becomes final). Appellant filed the present *pro se* PCRA petition, his third,[1] on August 12, 2016, over eight months beyond the PCRA filing deadline. The PCRA court appointed counsel, Kyle Rude, Esq., who filed an amended PCRA petition on October 31, 2016, seeking an evidentiary hearing on numerous allegations of ineffective assistance of trial counsel. The court filed an order dated December 6, 2016, issuing a rule upon the Commonwealth to show cause why Appellant's relief should not be granted. On December 23, 2016, the Commonwealth responded to Appellant's amended petition, arguing that it was time-barred under the PCRA.

---

[1] Appellant timely filed his first *pro se* petition on March 9, 2015, but he voluntarily withdrew said petition. He filed his second *pro se* petition on July 5, 2016, and again voluntarily withdrew it before filing this, his third *pro se* petition on August 12, 2016.

On January 17, 2017, the PCRA court dismissed Appellant's petition as untimely.[2]

On February 21, 2017, Appellant's counsel filed the instant appeal from the January 17, 2017 PCRA court order denying Appellant relief. Because the notice of appeal was not filed within 30 days of the entry of the order being appealed, *see Pa.R.A.P. 903(a)*, this Court entered an order on March 23, 2017 directing counsel to show cause why the appeal should not be quashed as untimely.

On March 31, 2017, the trial court entered an order permitting Appellant to proceed *pro se*. Accordingly, by order dated April 6, 2017, this Court directed Appellant to respond to the March 23, 2017 show-cause order. Appellant filed essentially identical responses on April 7, 2017, and April 18, 2017, and this Court discharged the show-cause order on May 2, 2017.

In his responses, Appellant relies on the Prisoner Mailbox Rule. *See Pa.R.A.P. 121(a)* (*pro se* filing submitted by prisoner in correctional facility is deemed filed as of date it is delivered to prison authorities for mailing or placed in institutional mailbox, as evidenced by properly executed prisoner

---

[2] The court failed to issue notice per Pa.R.Crim.P. 907. Nevertheless, Appellant has not raised this issue on appeal, so he waived any defect in notice. *See Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013) (explaining appellant's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in waiver of claim). Moreover, failure to issue Rule 907 notice is not reversible error where, as here, the record is clear that the petition is untimely. *Id.*

cash slip or other reasonably verifiable evidence of date that prisoner deposited *pro se* filing with prison authorities).  Appellant avers that he deposited his notice of appeal with prison authorities for mailing on February 6, 2017, that it was filed on February 9, 2017, and then returned to him on February 13, 2017, with a request that he include the order from which he was appealing.

Appellant claims that he re-mailed the notice on February 13, 2017, and attaches cash slips indicating that he mailed notices of appeal to the trial court on February 6, 2017, and February 13, 2017.  The certified record contains a *pro se* notice of appeal that is hand-dated February 6, 2016, and is date-stamped as received in the trial court on February 16, 2017, one day prior to the expiration of the 30-day appeal period.  The trial court docket does not reflect the alleged return of the notice to Appellant, and he does not provide supporting documentation.  It appears that the *pro se* notice was docketed and forwarded to counsel, pursuant to Pa.R.A.P. 576(A)(4), who then filed the counseled notice of appeal.

Thus, at the time that Appellant filed the *pro se* notice of appeal, which is arguably timely under the Prisoner Mailbox Rule, he was still represented by counsel.  The trial court followed the proper procedure under Rule 576(A)(4) for when a counseled defendant submits a *pro se* filing.  Counsel, however, did not act on Appellant's apparent desire to appeal until after the 30-day appeal period elapsed.

The question, therefore, is whether Appellant's *pro se* notice of appeal can be treated as the actual notice of appeal, even though he was represented by counsel at the time. Notwithstanding the general prohibition against hybrid representation, **see Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion. Moreover, once the brief has been filed, any right to insist upon self-representation has expired.") (citations omitted); **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) (discerning no right to hybrid representation either at trial or on appeal), we find the Pennsylvania Supreme Court decision in **Commonwealth v. Cooper**, 27 A.3d 994 (Pa. 2011), which validated a *pro se* notice of appeal filed by a counseled criminal defendant, instructive.

The **Cooper** Court addressed a situation where a counseled litigant filed a *pro se* notice of appeal unbeknownst to his attorney, who in the meantime had filed a timely post-sentence motion, which the trial court denied, and then a timely counseled appeal, thus resulting in parallel appeals accepted for filing in the Superior Court. The Superior Court administratively quashed the counseled appeal as duplicative of the *pro se* appeal. Then, a panel of this Court, determining the *pro se* appeal was premature and void as a nullity, quashed that appeal as well, but remanded the matter for the trial court for a hearing on the counseled post-sentence motion.

The Commonwealth appealed from the Superior Court decision, arguing that the *pro se* filing validly initiated appellate proceedings and did not run afoul of **Jette** or **Ellis**, as a notice of appeal is not a pleading but is, instead, merely a ministerial task that neither conflicts with counsel's strategy or creates confusion and delay as occurs when a court receives multiple briefs or motions. Cooper argued that the *pro se* appeal was a nullity and the counseled appeal, alone, was valid, a position which, if accepted, would preserve his sentencing challenge raised in the counseled post sentence motion.

The Supreme Court agreed the *pro se* appeal was premature, ill-advised, and responsible for "instigat[ing] various procedural problems that are endemic to hybrid representation[.]" **Id.** at 1006-1007. However, the Court deemed the *pro se* filing as merely premature and subject to withdrawal or quashal upon the filing of the counseled notice of appeal, but it was "definitely not a 'nullity,' especially once the counseled appeal was dismissed." **Id.** at 1007. Our Supreme Court, therefore, reversed and remanded for this Court to address the merits of the *pro se* appeal as perfected by counsel's post sentence motions and corresponding notice of appeal.

Here, we cannot say the *pro se* appeal was even premature, for there were no further actions taken by counsel afterward, such as the filing of a post sentence motion, nor was there a timely-filed counseled notice of appeal in this matter, as counsel's filing was untimely. As such, Appellant's *pro se* filing stands as the only timely notice of appeal, and would, thus, not be subject to withdrawal or quashal as contemplated in **Cooper**. Moreover, under the

rationale of **Cooper**, which rejected application of bright-line rules against hybrid representation in matters involving the ministerial act of filing a notice of appeal, we reject the notion that Appellant's *pro se* filing was a nullity and, instead, conclude that the interests of fairness and judicial economy weigh in favor of deeming Appellant's *pro se* appeal valid.

After notice of appeal was filed, Appellant filed a Motion for Discharge and Removal of Counsel for reasons of perceived ineffectiveness, which was granted by order of March 31, 2017. In Appellant's *pro se* brief, he presents the following questions for our review:

> **I. DID APPELLATE COUNSEL'S INEFFECTIVE ASSISTANCE AND DEFICIENT PERFORMANCE PREJUDICE THE PETITIONER'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE PENNSYLVANIA CONSTITUTION?**
>
> **II. WAS THERE A REASONABLE PROBABILITY OF A DIFFERENT RESULT WITH EFFECTIVE ASSISTANCE?**
>
> **III. DID THE GOVERNMENT'S ACTIONS PREJUDICE THE PETITIONER'S RIGHT OF DUE PROCESS PURSUANT TO THE 5TH AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION?**
>
> **IV. WAS THE APPELLANT DENIED HIS CONSTITUTIONALLY GUARANTEED RIGHT TO A FAIR TRIAL?**
>
> **V. WAS THE DEFENDANT'S RIGHT TO A JURY OF HIS PEERS DENIED PURSUANT TO THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION?**

## VI.  DID THE PCRA COURT DISREGARD THE APPELLANT'S INITIAL FILING DATE?

Appellant's brief (unpaginated).  In amendments to his brief, Appellant has raised an ineffective assistance of counsel in failing to present a proper diminished capacity defense and a destruction of evidence claim under **Brady v. Maryland**, 373 U.S. 83, S.Ct. 1194 (1963).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).  We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition).  Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

As noted above, Appellant's judgment of sentence became final on December 21, 2014, making his August 12, 2016, PCRA petition untimely. Appellant may avoid the time-bar if he can plead and prove one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1).

Here, Appellant first asserts numerous ineffective assistance of counsel claims as potential exceptions to the time bar. It is well-settled, however, that ineffective assistance of counsel claims cannot save a petition that does not otherwise fall into an exception to the PCRA's jurisdictional time bar. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005).

Appellant also invokes both the governmental interference and the newly-discovered fact exception to the PCRA time-bar pursuant to Sections 9545(b)(1)(i) and (ii) with his claim that police committed a **Brady** violation when they "suppressed" results of blood samples taken from Appellant on the

- 9 -

night of the fatal shooting. He contends such evidence was critical to his defense at trial, where he testified that he was so intoxicated at the time of the burglary and fatal shooting that he lacked the ability to form criminal intent.

Appellant cannot establish, however, that the facts upon which his claim is predicated were not previously known to him or that the facts could not have been ascertained through due diligence. *See Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (concluding that not only must a petitioner assert that "the facts upon which the *Brady* claim is predicated were not previously known to the petitioner," but also that they "could not have been ascertained through due diligence"); *see also Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006) ("Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence.") (citation omitted).

The Commonwealth informed Appellant's trial counsel before trial that the laboratory had destroyed Appellant's blood samples, in accordance with their ordinary custom, after determining the samples yielded negative results. Indeed, Appellant attaches to his brief a letter he received from trial counsel dated July 7, 2009, three years before his criminal trial, in which counsel informs him of this fact. Appellant, therefore, knew of the destruction of his blood samples for more than six and one-half years prior to the expiration of

his one-year PCRA filing period, such that he does not qualify for an exception to the PCRA time-bar on this basis.[3]

Therefore, as Appellant has failed to plead and prove that he qualifies under an exception to the PCRA's timeliness provisions, we lack jurisdiction to address his appeal on the merits.

Order is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017

---

[3] Nor, for that matter, has Appellant sufficiently pled and proved that the alleged **Brady** violation amounted to governmental interference with his ability to present this claim in a timely PCRA petition, as the exception under Section 9545(b)(1)(i) requires.