J-S74035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BARTHANIEL TOUCHSTONE THORNTON | : | No. 2301 EDA 2016 |
| Appellant | : | |

Appeal from the PCRA Order June 2, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014585-2008

BEFORE: BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.: **FILED JANUARY 19, 2018**

Appellant, Barthaniel Touchstone Thornton, appeals from the order entered June 2, 2016, dismissing as untimely his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On May 21, 2009, Appellant proceeded to a waiver trial and was found guilty of aggravated assault, firearms not be carried without a license, carrying firearms in public on the streets of Philadelphia, possession of an instrument of crime, simple assault, and recklessly endangering another person.[1] On September 24, 2009, Appellant was sentenced to serve an aggregate term of fifteen to thirty years of incarceration. Appellant did not file a direct appeal.

---

[1] 18 Pa.C.S. §§ 2702(a), 6106(a)(1), 6108, 907(a), 2701(a), and 2705.

On February 11, 2011, Appellant filed a petition for writ of habeas corpus with the Pennsylvania Supreme Court, which the court denied. **See Commonwealth v. Thornton**, 29 A.3d 1156 (Pa. 2011).

On August 3, 2012, Appellant *pro se* filed a PCRA petition. In February 2014, David Scott Rudenstein, Esq. was appointed as counsel.[2] In January 2016, Mr. Rudenstein filed a **Turner/Finley** "no merit" letter and motion to withdraw.[3] On April 29, 2016, Appellant filed a response in opposition.

Upon consideration of Mr. Rudenstein's **Turner/Finley** letter, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's petition on May 4, 2016. The Honorable Joan A. Brown accepted the **Turner/Finley** letter and dismissed Appellant's petition on June 2, 2016. No action was taken on the motion to withdraw. Thereafter, this matter was transferred to the Honorable Leon W. Tucker.

_____

[2] Appellant filed a series of supplemental *pro se* correspondences before and after counsel was appointed. "'The Rules of Criminal Procedure contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice,' Pa.R.Crim.P. 905(A), but Rule 905 amendments are not 'self-authorizing' such that a petitioner may simply 'amend' a pending petition with a supplemental pleading." **Commonwealth v. Mason**, 130 A.3d 601, 653 n. 19 (Pa. 2015) (citing **Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012)). "[A]mendment is permitted only by direction or leave of the PCRA court." **Porter**, 35 A.3d at 12. There is no indication that Appellant requested the PCRA court consider the amendments, nor any indication that the court granted Appellant leave to amend his initial PCRA petition. **See Porter, supra**.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

On June 27, 2016, Appellant *pro se* filed a notice of appeal. During the pendency of the appeal, Judge Tucker undertook a separate review of the **Turner/Finley** letter. Thereafter, Judge Tucker sent a letter to this Court seeking remand for appointment of new counsel stating: "[W]e believe Mr. Thornton should be represented by counsel, as there may be substantive issues of merit that should be resolved on appeal." Letter from Judge Tucker to Deputy Prothonotary of the Superior Court, 2/6/2017.

On February 22, 2017, this Court remanded the appeal to the PCRA court for thirty (30) days for a determination to resolve the lack of disposition on the motion to withdraw filed by PCRA counsel, David Scott Rudenstein, Esq. **See** Pa. Super. Order, 2/22/2017. On May 3, 2017, Judge Tucker issued an order that permitted PCRA counsel to withdraw and appointed Michael P. Marryshow, Esq. to represent Appellant on appeal. **See** PCRA Ct. Order, 5/3/2017. Mr. Marryshow filed a brief with this Court purporting to raise claims under the auspices of a direct appeal. This was error as the PCRA court never authorized Appellant to file a direct appeal *nunc pro tunc*.

Furthermore, "'[a]mong the related but distinct rules which make up the law of the case doctrine' is the rule that 'upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.'" **Commonwealth v. King**, 999 A.2d 598, 600 (Pa. Super. 2010) (quoting **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995)).

The various rules which make up the law of the case doctrine not only serve to promote the goal of judicial economy (as does the coordinate jurisdiction rule) but also operate to (1) to protect the settled expectations of the parties; (2) to insure uniformity of decision; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.... The various policies which motivated the development of these rules and which continue to motivate the enduring existence of both the coordinate jurisdiction rule and the law of the case doctrine are of paramount importance in the context of a criminal proceeding where the criminal defendant and his counsel must be allowed to proceed to trial with an established trial strategy and with the security of knowing, for example, that he either will or will not be permitted to represent himself or that his pre-trial statements either will or will not be introduced against him at trial. In this regard, these rules seek to ensure fundamental fairness in the justice system by preventing a party aggrieved by one judge's interlocutory order to attack that decision by seeking and securing relief from a different judge of the same court, thereby forcing one's opponent to shift the focus of his trial strategy in the matter.

*Commonwealth v. Santiago*, 822 A.2d 716, 724 (Pa. Super. 2003)

(quoting *Starr,* 664 A.2d at 1331).

The PCRA court's decision to dismiss on the basis of PCRA counsel's *Turner/Finley* letter was akin to a disposition of a legal question. *See* Rule 907 Notice, 5/4/2016. It is well-established that:

[w]hen "counsel determines that the issues raised under the PC[R]A are meritless, and when the PC[R]A court concurs, counsel will be permitted to withdraw *and the petitioner may proceed pro se, or by privately retained counsel, or not at all*." *Turner*, 544 A.2d at 928-929 (emphasis added); *see also Commonwealth v. Finley*, 550 A.2d 213 215 (Pa. Super. 1988) (*en banc*) ("Once counsel for the petitioner determine that the issues raised under the PC[R]A are 'meritless,' and the PC[R]A court concurs, counsel will be permitted to withdraw *and the petitioner may proceed on his own or with the aid of private counsel to pursue a review of the ruling entered, if he/she so wishes.*" (citing *Turner, supra*) (emphasis added).

- 4 -

We therefore conclude that, when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in *Turner,* new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.

*Commonwealth v. Maple*, 559 A.2d 953, 956 (Pa. Super. 1989) (footnote omitted).

Judge Tucker's decision to appoint Mr. Marryshow as appellate counsel was in direct conflict with the dismissal of Appellant's petition based on a *Turner/Finley* letter and, curiously, Judge Tucker's decision to permit Mr. Rudenstein to withdraw. Even if Judge Tucker did not agree with the initial determination of the PCRA court, Judge Tucker was barred from appointing appellate counsel by the coordinate jurisdiction rule. *Id.*; *see also Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We note further that, by appointing appellate counsel in a PCRA matter deemed by the PCRA court to be meritless, this violation of the coordinate jurisdiction rule resulted in a waste of judicial resources. *See Starr*, 664 A.2d at 1331.

Notwithstanding this error, we consider the brief filed by Mr. Marryshow on Appellant's behalf. On appeal, Appellant raises the following issue:

Did the trial court err in sentencing Appellant on a second strike mandatory minimum sentence without first providing Appellant's complete record of previous convictions to Appellant?

Appellant's Br. at 3 (unnecessary capitalization removed).

- 5 -

Essentially, Appellant challenges the legality of his sentence.  According to Appellant, he was not provided with copies of his prior convictions or notified of the Commonwealth's intent to seek the mandatory minimum of ten to twenty years of incarceration for aggravated assault.  *See* Appellant's Br. at 8 (citing 42 Pa.C.S. § 9741(d)).

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error.  This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. [A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.  A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

*Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015), *appeal denied,* 136 A.3d 981 (Pa. 2016) (internal citations and quotation marks omitted).

Initially, we examine the timeliness of Appellant's petition.  Although illegal sentencing issues cannot be waived, they must be presented in a timely PCRA petition.  *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013).  As we have explained:

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed.  The question of whether a petition is timely raises a question of law.  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review

plenary. An untimely petition renders this Court without jurisdiction to afford relief.

A petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the one-year time-bar is met. 42 Pa.C.S. § 9545.

*Taylor*, 65 A.3d at 468 (citations omitted).

There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

The instant PCRA petition was filed on August 3, 2012, more than three years after the judgment became final.[4] Further, Appellant has neither

_____

[4] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on October 26, 2009. The time for filing a PCRA petition seeking collateral review ended one year after the date the judgment of sentence

pleaded nor attempted to prove an exception to the time-bar in his PCRA petitions or in his brief.  Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition without an evidentiary hearing.  *See Taylor*, 65 A.3d at 468.[5]

Order affirmed.  Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2018

_____

became final, October 25, 2010.  *See* 42 Pa.C.S. § 9545(b)(1).  Thus, the petition was filed more than three years after the judgment became final.

[5] Notwithstanding our lack of jurisdiction, we note briefly that Appellant's claim is devoid of merit.  The certified record contains Appellant's written jury trial waiver colloquy, which serves as proof of his notice of the potential range of sentences for the crimes charged.  *See* Jury Waiver Colloquy, at 3 (signed by District Attorney, Counsel, trial judge, and Appellant 5/21/2009).  After conviction and before sentencing, Appellant was provided with notice of his prior record score, including twenty-seven Philadelphia arrests and one felony-rape conviction.  *See* Notes of Testimony (N.T.), 5/21/2009, at 132.  At that time, the court requested a presentence report and informed Appellant on the record that he had a second strike and a potential ten to twenty year sentence.  *Id.*  The statute merely requires "reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing[.]"  42 Pa.C.S. § 9714(d).