**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Glenn KING, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 2010.

Filed July 6, 2010.

Glenn A. King, appellant, Pro Se.

Sandra Preuhs, Assistant District Attorney, and Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: BENDER, GANTMAN and FREEDBERG *, JJ.

OPINION BY BENDER, J.:

¶ 1 Appellant, Glenn King, appeals *pro se* from the February 17, 2009, order dismissing his first petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We vacate and remand for further proceedings.

¶ 2 Appellant was charged with a single count of robbery and, after a non-jury trial on October 8, 2004, before the Honorable Cheryl Allen, formerly of the Court of Common Pleas of Allegheny County, he was convicted of that offense. On November 1, 2004, Judge Allen sentenced Appellant to five to ten years' imprisonment. Upon appeal, this Court affirmed Appellant's judgment of sentence on May 26, 2006, and our Supreme Court denied his petition for allocatur on September 29, 2006. *See Commonwealth v. King,* 905 A.2d 1045 (Pa.Super.2006) (unpublished memorandum), *appeal denied,* 589 Pa. 719, 907 A.2d 1101 (2006).[1]

¶ 3 On February 22, 2007, Appellant filed a *pro se* petition for post-conviction relief, averring, *inter alia,* that his trial and appellate counsels had been ineffective.[2] Judge Allen subsequently scheduled

---

* Retired Senior Judge assigned to the Superior Court.

1. Thus, Appellant's judgment of sentence became final on December 28, 2006, ninety days after his petition for allowance of appeal was denied by our Supreme Court. *See Commonwealth v. Owens,* 718 A.2d 330, 331 (Pa.Super.1998) (under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

2. Counsel was appointed to represent Appellant during the PCRA proceedings. However, in *pro se* correspondence to the court, Appel-

a hearing on Appellant's petition. However, before holding that hearing, Judge Allen was elected to this Court and Appellant's case was transferred to another judge. On February 17, 2009, the new judge denied Appellant's PCRA petition without a hearing. Appellant filed a timely *pro se* notice of appeal with this Court.

¶ 4 On appeal, Appellant raises ten issues, most of which involve allegations of ineffective assistance of both trial and appellate counsel. However, he also argues that the PCRA court erred in denying his petition for relief without a hearing after Judge Allen scheduled a hearing to examine the merits of his claims.[3] For the reasons set forth below, we agree and remand for a PCRA hearing to be held. Accordingly, we need only address this issue.

¶ 5 Appellant argues that under the coordinate jurisdiction rule, the PCRA court was required to hold the hearing scheduled by Judge Allen. The coordinate jurisdiction rule, put simply, states that "judges of coordinate jurisdiction should not overrule each other's decisions." *Zane v. Friends Hosp.*, 575 Pa. 236, 836 A.2d 25, 29 (2003). The rule, applicable in both civil and criminal cases, "falls within the ambit of the 'law of the case doctrine.'" *Riccio v. American Republic Ins. Co.*, 453 Pa.Super. 364, 683 A.2d 1226, 1230 (1996) (citing *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995)). Our Supreme Court explained in *Starr* that the law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Id.* at 1331. "Among the related but distinct rules which make up the law of the case doctrine" is the rule that "upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court." *Id.*

¶ 6 While Appellant argues that the coordinate jurisdiction rule mandates that he receive the hearing scheduled by Judge Allen, the Commonwealth contends that "the coordinate jurisdiction rule applies only to decisions rendered upon legal questions." Commonwealth's Brief at 23 (quoting *Lock v. City of Philadelphia*, 895 A.2d 660, 668 (Pa.Cmwlth.2006)). Because the Commonwealth claims that, here, Judge Allen's decision to schedule a hearing was a "case management order" which "did not dispose of any substantive legal issues," it argues that the rule does not apply. *Id.* at 23–24.

¶ 7 The Commonwealth relies on *Lock*, a decision by the Pennsylvania Commonwealth Court, because no case dealing with this precise situation has been decided by this Court or our Supreme Court. In *Lock*, "the trial court, by Judge Sandra

lant indicated that he wanted to proceed with his petition *pro se*. While no order of record explicitly grants Appellant's request, it is evident that the court permitted him to represent himself. This issue will be addressed in more detail *infra*.

**3.** We note that Appellant also claims that his constitutional right to "full and fair appellate review" was violated because the certified record transmitted to our Court contains "misstatements and omissions." Appellant's Brief at 6. While this issue was raised for the first time on appeal and, thus, is waived, *see* Pa.A.P. 302(a), we mention it because our own review of the record reveals that documents are missing, a fact which inhibits this Court's meaningful review of Appellant's claims. Therefore, we note our dissatisfaction with the state of the certified record in this case.

Moss, entered a case management order directing the [defendant] to identify and submit *curriculum vitae* and expert reports of all intended expert witnesses" by a specific date prior to trial. *Id.* at 662. However, when the parties proceeded to trial before Judge Victor J. DiNubile, Jr., Judge DiNubile permitted the defendant to introduce the testimony of an expert who had not been identified prior to trial in accordance with Judge Moss' order. *Id.* at 664. On appeal, Lock argued that Judge DiNubile's decision to permit the expert to testify for the defense violated the coordinate jurisdiction rule. *Id.* at 668.

¶ 8 However, the Commonwealth Court disagreed with Lock, concluding that "the coordinate jurisdiction rule applies only to decisions rendered upon legal questions" and that "Judge Moss' order did not dispose of any substantive legal issues." *Id.* Specifically, the Court found that Judge Moss' order "was, on its face, a case management order intended to facilitate [the] litigation by setting discovery deadlines." *Id.* The Court declined to find that the coordinate jurisdiction rule applied to such an order. *Id.*

¶ 9 Before examining whether *Lock* applies in Appellant's case, we note that "[a]lthough we frequently turn to the wisdom of our colleagues on the Commonwealth Court for guidance, the decisions of that court are not binding on this Court." *Yoder v. American Travellers Life Ins. Co.,* 814 A.2d 229, 232 n. 4 (Pa.Super.2002), *appeal denied,* 573 Pa. 673, 821 A.2d 588 (2003). Additionally, while *Lock* seems to be the case most closely related to the instant circumstances, we nevertheless find it distinguishable in that here, Judge Allen's decision to grant Appellant a hearing on his PCRA petition was not merely a "case management order" addressing a procedural aspect of Appellant's case.

¶ 10 Instead, Judge Allen's decision to grant Appellant a hearing was more akin to the disposition of a legal question. This is so because, while "[t]here is no absolute right to an evidentiary hearing on a PCRA petition," it is only appropriate to deny a petitioner a hearing where "the PCRA court can determine from the record that no genuine issues of material fact exist." *Commonwealth v. Springer,* 961 A.2d 1262, 1264 (Pa.Super.2008). Therefore, Judge Allen's decision to grant Appellant a hearing indicates that she found that there were genuine issues of material fact necessitating further examination. Accordingly, we conclude that Judge Allen's determination in this regard resolved a "legal question" and, thus, under *Starr,* the coordinate jurisdiction rule bound the PCRA court to proceed with the scheduled hearing.

¶ 11 Therefore, we vacate the PCRA court's order dismissing Appellant's petition and remand for the court to conduct a hearing forthwith. We also note that Appellant was apparently permitted to proceed *pro se,* however, the record contains no evidence that a proper colloquy was conducted to ensure that Appellant's decision was made knowingly, intelligently, and voluntarily.[4] Consequently, we also direct the court to appoint counsel to represent Appellant at the PCRA hearing

---

4. *See Commonwealth v. Rosario,* 535 Pa. 282, 635 A.2d 109, 110 (1993) (citation omitted) (for the right of counsel to be dispensed with, waiver must be intentionally and intelligently given; "[a]ny court determining that the right has been waived must advance this finding cautiously, with certain knowledge that the defendant is fully aware of the dimensions of the right, and of the ramifications of any waiver."); *see also Commonwealth v. Lindsey,* 455 Pa.Super. 228, 687 A.2d 1144, 1144–45 (1996) (petitioner is entitled to counsel for his first PCRA petition regardless of the merits of his claims).

and, if Appellant still wishes to proceed *pro se,* to conduct the appropriate colloquy to determine that his decision is knowingly and intelligently made.

¶ 12 Order vacated, case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

¶ 13 Judge GANTMAN concurs in the result.