J-S57006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS REVERON | |
| Appellant | No. 283 EDA 2017 |

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0208271-2005
CP-51-CR-0507611-2005
CP-51-CR-0609971-2005
CP-51-CR-1008331-2005
CP-51-CR-1012661-2005
CP-51-CR-1303844-2006

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 19, 2017**

The trial court revoked Appellant, Carlos Reveron's probation and parole after he repeatedly violated the terms of both. In imposing sentence, the court noted:

> Despite all the opportunities … to try to get yourself together to get drug treatment, you basically thumbed your nose at this [c]ourt … and you turned to drug dealing with every opportunity that you could … You're a drug dealer, you're a drug dealer now, you were a drug dealer in 2005, 2006, and 2007, that's all you've [ever] done. This sentence of twenty to forty years is absolutely necessary to take people like you off the street, for as long as possible, and is absolutely necessary to vindicate the authority of this [c]ourt.

N.T., Sentencing Hearing, 12/8/09, at 15-17. This Court affirmed Reveron's judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on May 17, 2011.[1]

The instant appeal concerns Reveron's second Post Conviction Relief Act ("PCRA") petition, which he filed *pro se* on April 7, 2015. In his petition, Reveron claimed his sentence violated the dictates of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). The PCRA court dismissed the petition as untimely, and this timely appeal followed.

On appeal, Reveron does not contest the PCRA court's conclusion that his petition was facially untimely. Rather, he argues the PCRA court erred in dismissing his petition, as he claims that his allegedly illegal sentence is an issue that can never be waived. This argument has been rejected repeatedly by the courts of this Commonwealth. ***See***, ***e.g.***, ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014).

In spite of this, Reveron contends that ***Commonwealth v. Barnes***, 151 A.3d 121 (Pa. 2016), supports his argument. It does not. ***Barnes*** was a direct appeal from a judgment of sentence. ***See id***., at 122. It therefore does not address the jurisdictional requirements of the PCRA. ***See Miller***, 102 A.3d at 995.

_____

[1] As such, Reveron's judgment of sentence became final on August 15, 2011. ***See Commonwealth v. King***, 999 A.2d 598, 599 n.1 (Pa. Super. 2010).

Even assuming that Reveron is attempting to argue that **Alleyne** satisfies the newly recognized constitutional right exception enshrined in 42 Pa.C.S.A. § 9545(b)(1)(iii), he is due no relief. Our Supreme Court has held that "**Alleyne** does not apply retroactively to cases pending on collateral review…." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). The sentence Reveron is challenging became final in 2011, **see supra** n.1, while **Alleyne** was published in 2013.

Finally, the record belies Reveron's contention that he received a mandatory minimum sentence based upon facts not presented to the jury. He initially received a sentence of intermediate punishment. No mandatory minimum was imposed. The sentence imposed after Reveron had repeatedly violated the terms of his probation and parole was, not surprisingly, significantly harsher than his original sentence. However, there is no indication in the record that the court imposed a mandatory minimum. To the contrary, the court appears to have been motivated largely by Reveron's recidivism and the threat he posed to the public.

Reveron also argues that prior counsel were ineffective for failing to raise challenges to the discretionary aspects of his sentence. However, this Court addressed a challenge to the discretionary aspects of Reveron's sentence during his direct appeal. **See Commonwealth v. Reveron**, No. 123 EDA 2010, at 6-11 (Pa. Super. filed 12/10/10) (unpublished memorandum). This argument is frivolous.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/19/2017</u>