J-S60011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN MATTHEW HICKMAN, | |
| Appellant | No. 1811 WDA 2016 |

Appeal from the PCRA Order November 23, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010232-2007
and CP-02-CR-0017304-2006

BEFORE:  OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 19, 2017**

Appellant, Shawn Michael Hickman, appeals from the order entered on November 23, 2016, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts of this case as follows:

On November 19, 2009, [Appellant] proceeded to a jury trial before the Honorable Judge John Kelly.  At CC2006617304, [Appellant] was charged with 29 counts of burglary, 15 counts of theft by unlawful taking, 15 counts of receiving stolen property, 19 counts of criminal mischief, and one count each of attempted burglary and criminal conspiracy.  At CC200710232, [Appellant] was charged with robbery – infliction of serious bodily injury, and [two] counts of recklessly endangering another person (REAP).  The cases were consolidated for trial.

On November 19, 2009, at CC200617304, [Appellant] was found guilty at counts 2 through 6, 29, 30, 32, 33, 56, 57, 58, and 61. At CC200710232, [Appellant] was found guilty of robbery – infliction of serious bodily injury.

*Former Justice specially assigned to the Superior Court.

Trial Court Opinion, 3/1/2017, at 1 (superfluous capitalization omitted; original footnotes omitted).

The trial court sentenced Appellant on January 29, 2010. Following sentencing, the two cases diverged procedurally. Ultimately, Appellant filed a *pro se* PCRA petition at CC200617304, seeking reinstatement of his appellate rights *nunc pro tunc* and the trial court granted the request. The Commonwealth conceded that the sentence imposed at CC200617304 was illegal. Thereafter, the trial court convened a resentencing hearing on September 30, 2013 and resentenced Appellant at both CC200617304 and CC200710232. More specifically, Appellant "was resentenced at CC200710232 to [eight] to 16 years of incarceration. At CC200617304[,] [Appellant] was resentenced to [two] to [four] years of incarceration followed by a [five]-year period of probation all to run consecutive to the sentence imposed at CC200710232." *Id.* at 2. We affirmed Appellant's judgment of sentence at both docket numbers on May 9, 2014 and our Supreme Court denied further review on September 18, 2014.[1]    *See*

_____

[1] The Commonwealth argues that the PCRA petition filed at CC200710232 is untimely because, as briefly mentioned, the two cases advanced on different procedural tracks and the judgment of sentence at CC200710232 became final around February 28, 2010, which was more than a year before the initiation of the present collateral proceedings. The Commonwealth reasons that the lack of post-sentence and direct appeal proceedings at CC200710232 compels the determination that Appellant's judgment of sentence in that matter became final at an earlier date. *See* Commonwealth's Brief at 25-27. Upon review, we note that there were
*(Footnote Continued Next Page)*

*Commonwealth v. Hickman*, 104 A.3d 44 (Pa. Super. 2014);

*Commonwealth v. Hickman*, 2014 WL 10936779 (Pa. Super. 2014)

(unpublished memorandum); *Commonwealth v. Hickman*, 99 A.3d 924

(Pa. 2014).

On March 19, 2015, Appellant filed a single, timely *pro se* PCRA

petition captioned with both docket numbers. The PCRA court appointed

*(Footnote Continued)* ────────────

several procedural irregularities that were potentially overlooked by a prior panel, which may suggest that the Commonwealth has legitimate concerns regarding timeliness. However, the Commonwealth should have brought those concerns to the attention of the prior panel of this Court. "It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." *Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006). As it stands now, however, we cannot overlook the fact that this Court affirmed Appellant's judgment of sentence at both docket numbers (CC200710232 and CC200617304) and our Supreme Court denied further review. Thereafter, Appellant had 90 days to file a petition for *certiorari* with the United States Supreme Court and another year to file a timely PCRA petition. *See* U.S. S.Ct. Rule 13 (petition for writ of *certiorari* must be filed within ninety (90) days of the entry of the judgment for which United States Supreme Court review is sought); *Commonwealth v. King*, 999 A.2d 598, 599 n.1 (Pa. Super. 2010) (a judgment of sentence becomes final ninety (90) days after the Pennsylvania Supreme Court denies *allocatur* as a defendant has ninety (90) days from said denial in which to file a petition for writ of *certiorari* to the United States Supreme Court); 42 Pa.C.S.A. § 9545(b)(1) (a PCRA petition shall be filed within one year of the date the judgment becomes final). Thus, Appellant had until December 17, 2015 to file timely PCRA petitions. As discussed below, Appellant filed a single, timely *pro se* PCRA petition captioned at both CC200710232 and CC200617304 on March 19, 2015. Contrary to the Commonwealth's contention, we are bound by the prior panel's affirmance of Appellant's judgment of sentence at both docket numbers on May 9, 2014 and, likewise, constrained to find that we currently have jurisdiction over Appellant's timely petition for collateral relief.

counsel who filed an amended PCRA petition captioned with both docket numbers. On September 13, 2016, pursuant to Pa.R.Crim.P. 907, the PCRA court issued its notice of intent to dismiss the PCRA petition without a hearing. Appellant did not respond. On November 23, 2016, the PCRA dismissed Appellant's PCRA petition. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

I. Whether [Appellant] should be granted a new trial, where trial counsel was ineffective, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

Appellant's Brief at 11.

While presented as a single issue on appeal, Appellant contends that trial counsel was ineffective in two respects. Before examining the merits, however, we set forth our well-settled standard of review:

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level.

Counsel is presumed effective; thus, an appellant has the burden of proving otherwise. In order for Appellant to prevail on a claim

---

[2] Appellant filed a notice of appeal on November 30, 2016. The trial court entered an order on December 8, 2016, pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal no later than March 8, 2017. On February 8, 2017, Appellant filed a timely Rule 1925(b) statement. The PCRA court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 1, 2017.

of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which ... so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that (1): the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the reasonable basis prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

***Commonwealth v. Lawrence***, 165 A.3d 34, 40–41 (Pa. Super. 2017) (internal citations, quotations, and brackets omitted).

In his first issue presented, Appellant claims that trial counsel was ineffective for failing to impeach Commonwealth witness, Leann Knuf, with evidence that Knuf pled guilty to a *crimen falsi* crime within 10 years of trial. Appellant's Brief at 24-26. Appellant claims Knuf implicated him in a 2004 residential burglary (which was one of the offenses subject to adjudication at CC200617304) and trial counsel should have questioned Knuf regarding her 2009 guilty plea for theft by unlawful taking, "which would have gone to her veracity as a witness, not to mention, a pattern of behavior as she had already admitted to playing a role in a burglary." ***Id.*** at 25.

Here, the PCRA court determined that Appellant did not establish that there was a reasonable probability that the outcome of the proceedings

would have been different had counsel questioned Knuf about her prior *crimen falsi* crime. Trial Court Opinion, 3/1/2017, at 3. Knuf admitted to her own culpability in the 2004 burglary at Appellant's trial, so her credibility was already in question before the jury. Moreover, the trial court noted that Knuf's testimony was corroborated by another cohort, Nicole Ohls, which "placed [Appellant] at the scene of the crime and actively involved in the burglary." *Id.* Upon review, we agree. Moreover, Appellant had the burden to plead and **prove** he was entitled to relief. While Appellant baldly contends that Knuf has a prior 2009 conviction for theft by unlawful taking, he did not attach any document or other evidence to his PCRA petition to substantiate his claim. A PCRA petitioner must "attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached." Pa.R.Crim.P. 902(D). Because there was no reasonable probability that the outcome of the proceeding would have been different and the certified record does not contain any evidence of Knuf's prior conviction, Appellant's first issue lacks merit.

Next, Appellant argues that trial counsel was ineffective "for failing to use reasonable diligence to investigate if a key witness, [Thomas] Gordon, had suffered from hearing loss as he was the sole witness to identify Appellant and did so on the basis of hearing Appellant's voice." Appellant's Brief at 22. More specifically, Appellant avers:

A review of the record in this case reveals that during direct and cross-examination, Thomas Gordon, the only witness to the June 27, 2007 robbery who was able to identify [] Appellant solely based on voice, had asked at least 12 times to have the person asking the question "speak up," repeat the question, clarify the question by asking if he heard properly, state he could not hear the question being asked, or answered a question in a form that did not make sense. The trial transcript not only reveals that Mr. Gordon was having difficulty hearing, but that [trial counsel] had notice of his apparent struggle to hear the questions. Since [] Appellant's incarceration, [] Appellant has discovered through Mr. Gordon's brother, Eric Gordon, that Mr. Gordon is deaf in one (1) ear. Further, Eric Gordon relayed that Mr. Gordon had been deaf in one (1) ear at the time of the robbery in 2007.

\* \* \*

The failure of [trial counsel] to investigate or question the witness as to how long he had been suffering hearing loss, under the circumstances was unreasonable and prejudicial to Appellant.

Appellant's Brief at 28.

In this case, the PCRA court noted that Appellant's claim did not arise until after trial and, thus, was subject to a four-prong test for after-discovered evidence:

To succeed on an after-discovered evidence claim, the petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Commonwealth v. Payne**, 2017 WL 3911803, at \*8 (Pa. Super. 2017) (internal citation and quotation omitted).

Applying the above-test, the trial court determined:

[Appellant] fail[ed] to allege, as required, that the evidence was unobtainable before the conclusion of trial through reasonable diligence. There [was] also no averment [as to] when [Appellant] learned that Thomas Gordon [was] deaf in one ear [at] the [time of the] 2007 robbery so that the [PCRA court could] determine the timeliness of this claim. And, finally, the [PCRA court did] not have any affidavits before it that Thomas Gordon was in fact deaf in only one ear when the robbery occurred. [The PCRA court had] only an unsupported allegation of this claim. Therefore, this issue too [was] without merit.

Trial Court Opinion, 3/1/2017, at 4.

Upon review, we agree. Appellant has not met his burden of pleading and proving that his proffered after-discovered evidence was unobtainable before the conclusion of trial through reasonable diligence. By his own admission, Appellant was aware that the witness was having difficulty hearing at trial in 2009, but then waited until 2015 to bring this claim. Moreover, we note that, similar to his first issue, Appellant fails to substantiate his second claim with evidence pursuant to Pa.R.Crim.P. 902(D). Furthermore, while Appellant baldly claims that there were 12 occasions that the witness was having trouble hearing during trial, he has not pointed to the specific instances in the certified record. **See Commonwealth v. Fransen**, 42 A.3d 1100, 1116 (Pa. Super. 2012) (a claim is waived for failure to direct this Court's attention to that part of the record substantiating his claim); **see also Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) (holding that the failure to properly develop an argument in an appellate brief, including proper citation to the record, results in waiver; this Court will not "scour the record to find

- 8 -

evidence to support an argument"); ***see also*** Pa.R.A.P. 2119(c).  For all of the foregoing reasons, Appellant's second issue fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017