J-A05021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RONALD WHEELER | : | |
| | : | |
| Appellant | : | No. 1422 EDA 2017 |

Appeal from the PCRA Order March 30, 2017
In the Court of Common Pleas of Bucks County Criminal Division at No(s):
CP-09-CR-0004849-1982

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 08, 2018**

Ronald Wheeler (Appellant) appeals *pro se* from the trial court's denial of his petition for DNA testing.  Upon review, we affirm.

The trial court summarized the background of this case as follows:

> On April 28, 1983, a jury convicted [Appellant] of First Degree Murder and issued a penalty of death. . . .  On appeal, the Supreme Court of Pennsylvania affirmed [Appellant's] conviction for First Degree Murder but vacated his death sentence, and he was subsequently re-sentenced by the trial court on July 6, 1988 to life imprisonment.  [Appellant] filed a direct appeal from that sentence on August 3, 1988, and the Superior Court of Pennsylvania affirmed his judgment of sentence on August 9, 1989.
>
> Over the ensuing twenty-nine years, [Appellant] has filed eight Post Conviction Relief Act ("PCRA") petitions seeking to introduce new theories and relitigate the overwhelming evidence upon which he was convicted.

---

*Former Justice specially assigned to the Superior Court.

Trial Court Opinion, 7/17/17, at 1-2.[1]

On August 18, 2014, Appellant filed the underlying petition requesting DNA testing. The Commonwealth filed a motion to dismiss, noting that Appellant filed his petition for DNA testing 25 years after the murder, 20 years after the technology for DNA testing had become widely accepted, and after Appellant had already filed seven previous PCRA petitions which were dismissed. On March 30, 2017, the trial court denied Appellant's petition. Appellant filed this timely appeal. He raises the following issues for our review:

1. DID TRANSFEREE COURT VIOLATE COORDINATE JURISDICTION RULE IN DENYING PETITION WTHOUT AN EVIDENTIARY HEARING WHERE TRANSFEROR COURT HAD SCHEDULED HEARING; APPOINTED COUNSEL; AND CONTINUED HEARING, BUT CASE WAS TRANSFERRED PRIOR TO TRANSFEROR COURT RESCHEDULING HEARING?

2. DID TRANSFEREE COURT VIOLATE COORDINATE JURISDICTION RULE IN DENYING LEAVE TO AMEND PETITION FOR DNA TESTING WHERE TRANSFEROR COURT HAD CONTINUED EVIDENTIARY HEARING TO ALLOW FOR AMENDMENT AFTER APPOINTING COUNSEL, AND IN ADJUDICATING PRO SE PETITION FILED WHILE APPELLANT WAS REPRESENTED BY COUNSEL INSTEAD OF REVISED MOTION FOR DNA TESTING FILED BY APPELLANT AFTER TRANSFEROR COURT GRANTED APPELLANT LEAVE TO PROCEED PRO SE?

_____

[1] The trial court has summarized the procedural posture attendant to each of Appellant's post-conviction filings, beginning with Appellant's first petition filed on August 2, 1988 under the Post Conviction Hearing Act (PCHA), through the underlying petition for DNA testing filed on August 18, 2014. *See* Trial Court Opinion, 7/14/17, at 2-3.

3. DID REVISED MOTION FOR DNA TESTING SATISFY REQUIREMENTS OF DNA STATUTE 42 Pa.C.S. § 9543.1?

4. DID TRANSFEREE COURT ERR IN FAILING TO REQUEST INTERVENTION OF ATTORNEY GENERAL WHERE ENTIRE COMMON PLEAS COURT BENCH HAD BEEN RECUSED AND MOTION FOR INTERVENTION OF ATTORNEY GENERAL REMAINED PENDING?

Appellant's Brief at 4.

Appellant first argues that the trial court violated the "coordinate jurisdiction" rule by failing to adhere to orders issued by a prior PCRA Court. Appellant's Brief at 12-13. "The coordinate jurisdiction rule, put simply, states that judges of coordinate jurisdiction should not overrule each other's decisions. The rule, applicable in both civil and criminal cases, falls within the ambit of the 'law of the case doctrine' [which includes] the rule that upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court." *Commonwealth v. King*, 999 A.2d 598, 600 (Pa. Super. 2010). Here, the trial court found that the prior PRCA court issued no decision binding upon it for the coordinate jurisdiction rule to apply. Trial Court Opinion, 7/14/17, at 8-9. Our review of the record supports the trial court's conclusion.

In its Pa.R.A.P. 1925(a) opinion, the trial court next addressed Appellant's remaining challenges to the trial court's denial of his application for DNA testing, and found them meritless. We agree.

Requests for post-conviction DNA testing are governed by 42 Pa.C.S.A. § 9543.1. In order to succeed on a petition for DNA testing "[t]he text of the statute set forth in Section 9543.1(c)(3) and reinforced in Section 9543.1(d)(2) requires the applicant to demonstrate that favorable results of the requested DNA testing would establish the applicant's actual innocence of the crime of conviction." *Commonwealth v. Walsh*, 125 A.3d 1248, 1254–1255 (Pa. Super. 2015) *quoting Commonwealth v. B. Williams*, 35 A.3d 44, 50–51 (Pa. Super. 2011), *appeal denied*, 50 A.3d 121 (Pa. 2012). "The statutory standard to obtain testing requires more than conjecture or speculation; it demands a *prima facie* case that the DNA results, if exculpatory, would establish actual innocence." *Id.*

In addition to the requirement that the applicant must present a *prima facie* case demonstrating that DNA testing would establish his actual innocence, "[s]ection 9543.1(d) requires the petitioner to make a timely request for DNA testing." *Id.; see also* 42 Pa.C.S.A. § 9543.1(d)(1)(iii). "In analyzing timeliness for purposes of Section 9543.1(d)(1)(iii), the court must consider the facts of each case to determine whether the applicant's request for post-conviction DNA testing is to demonstrate his actual innocence or to delay the execution of sentence or administration of justice." *Walsh*, 125 A.3d at 1255. "The PCRA's one-year time bar does **not** apply to motions for the performance of forensic DNA testing under Section 9543.1."

*Commonwealth v. Walsh*, 125 A.3d at 1252 *(*citations omitted) (emphasis in original).

Here, the trial court concluded that Appellant failed to present a *prima facie* case of actual innocence, and additionally that Appellant failed to make his request for DNA testing in a timely manner. The trial court explained:

> [N]one of [Appellant's] requests for relief meet the requirements of 42 Pa.C.S.A. § 9543.1, and they do not demonstrate to [the trial court's] satisfaction that DNA testing would produce exculpatory evidence establishing his actual innocence.
>
> . . .
>
> [Moreover] 42 Pa.C.S.A. § 9543.1(d)(1)(iii) requires the court to order testing "upon a determination, after review of the record of the applicant's trial, that the motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice."
>
> . . .
>
> Here, [Appellant] has known for over thirty-five years of the existence of the items he wishes to be tested and he appears to be on a fishing expedition by creatively developing alternative theories of how the victim was murdered which are dependent upon a reinterpretation or outright rejection of the evidence upon which he was convicted. . . .
>
> Due to the speculative nature of the alternative theories that [Appellant] has inappropriately posited at this late stage, and his incredible allegations in which he attempts to cast doubt on the weight of the evidence of his guilt, [the trial court] found no merit to his request for DNA testing to prove his innocence. Therefore, in accordance with 42

- 5 -

J-A05021-18

> > Pa.C.S.A. § 9543.1(d), which requires that the court shall not order the testing requested if the court determines after review of the record that there is no reasonable possibility that the testing would produce exculpatory evidence that would establish the applicant's actual innocence, [the trial court] denied [Appellant's] motion for DNA testing.

Trial Court Opinion, 7/14/17, at 10, 12-13.

Upon review of Appellant's claim and the record before us, we find that the trial court adeptly addressed Appellant's arguments in its Pa.R.A.P. 1925(a) opinion denying the petition for DNA testing. In this appeal – as well as the companion appeal filed by Appellant at 1357 EDA 2017 – the trial court comprehensively addresses Appellant's issues with citation to relevant statutory and case law, as well as thoughtful analysis and reasoning. The record supports the court's findings. We therefore adopt the trial court's opinion as our own for purposes of this appeal, and affirm the denial of relief. *See* Trial Court Opinion, dated July 14, 2017. The parties shall attach a copy of the July 14, 2017 opinion in the event of further proceedings in this matter.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:3/8/2018

- 6 -