J. S62045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID PEPE, | : | No. 3626 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 25, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0910301-1998

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 23, 2018**

David Pepe, a/k/a/ David Wilson and/or David Pepe Wilson, appeals

***pro se*** from the September 25, 2017 order denying his serial petition filed

pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely.   After

careful review, we affirm.

The lengthy factual history of this case was summarized by a prior

panel of this court on direct appeal and need not be reiterated here.  ***See***

***Commonwealth v. Pepe***, 778 A.2d 1246 (Pa.Super. 2001) (unpublished

memorandum at 1-3), ***appeal denied***, 790 A.2d 1015 (Pa. 2001).  In sum,

a jury found appellant guilty of rape, involuntary deviate sexual intercourse,

robbery, aggravated assault, kidnapping, possessing instruments of crime,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

and terroristic threats[2] after he repeatedly raped a woman and kept her drugged and bound in a coffin-like box over the course of a three-day period. On April 15, 1999, the trial court sentenced appellant to an aggregate term of 55 to 110 years' imprisonment. On May 15, 2001, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on November 8, 2001. *Id.* On November 1, 2002, appellant filed a *pro se* PCRA petition and Paul M. George, Esq. ("PCRA counsel"), was appointed to represent him. On July 28, 2003, PCRA counsel filed an amended PCRA petition on appellant's behalf, which was ultimately dismissed by the PCRA court on April 29, 2004. On May 25, 2005, a panel of this court affirmed the dismissal of appellant's petition, and our supreme court denied allowance of appeal on October 6, 2005. *Commonwealth v. Wilson*, 880 A.2d 13 (Pa.Super. 2005), *appeal denied*, 887 A.2d 1241 (Pa. 2005).

On January 27, 2006, appellant filed a second *pro se* PCRA petition. On April 26, 2006, appellant filed a separate *pro se* motion for post-conviction DNA testing, pursuant to 42 Pa.C.S.A. § 9543.1. On September 22, 2006, the PCRA court dismissed appellant's petition as untimely. Appellant's motion for DNA testing was subsequently dismissed by the PCRA court on January 22, 2008. Appellant only appealed the dismissal

---

[2] 18 Pa.C.S.A. §§ 3121, 3123, 3701, 2702, 2901, 905, and 2706, respectively.

of his PCRA petition, and on July 21, 2008, a panel of this court affirmed the PCRA court's order and noted that the issue of DNA testing was not before it; our supreme court denied allowance of appeal on February 4, 2009. **Commonwealth v. Wilson**, 959 A.2d 976 (Pa.Super. 2008), **appeal denied**, 964 A.2d 895 (Pa. 2009). Thereafter, on January 29, 2010, appellant filed an additional **pro se** motion for post-conviction DNA testing, pursuant to Section 9543.1. The PCRA court denied appellant's motion on February 5, 2010, and a panel of this court affirmed the denial of relief on November 9, 2010; our supreme court denied allowance of appeal on July 11, 2011. **Commonwealth v. Wilson**, 22 A.3d 1065 (Pa.Super. 2010), **appeal denied**, 24 A.3d 363 (Pa. 2011).

Appellant filed the instant **pro se** petition, styled as an "Application for Relief," on August 17, 2016. On June 29, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Rule 907. Appellant filed multiple **pro se** responses to the PCRA court's Rule 907 notice on July 26, August 18, August 30, September 1, and September 12, 2017. Thereafter, on September 25, 2017, the PCRA court dismissed appellant's petition as untimely. This timely appeal followed on October 20, 2017. Although not ordered to do so, appellant filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), that same day. On January 2, 2018, the PCRA court filed its Rule 1925(a) opinion.

Before we address the merits of appellant's arguments, we must first consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of the PCRA court to consider it. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). It is well settled that all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). Here, appellant's judgment of sentence became final on February 6, 2002, 90 days after the Supreme Court of Pennsylvania denied allowance of appeal and the deadline for filing a petition for writ of *certiorari* in the Supreme Court of the United States expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). Accordingly, appellant had until February 6, 2003, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition, filed August 17, 2016, is patently untimely, and the PCRA court lacked jurisdiction to review it, unless appellant alleged and proved one of the statutory exceptions to the time-bar set forth in Section 9545(b)(1).

To invoke an exception under Section 9545(b)(1), a petitioner must allege and prove:

> (i)    the failure to raise the claim previously was the result of interference by government officials

with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Instantly, the record reveals that appellant failed to explicitly plead or prove any of the statutory exceptions to the PCRA time-bar required to invoke and preserve an otherwise timely petition. Accordingly, we lack jurisdiction to review the merits of appellant's claims. *See Commonwealth v. Callahan*, 101 A.3d 118, 123 (Pa.Super. 2014) (holding, if a PCRA petition is untimely on its face, or fails to meet one of the three statutory exceptions to the time-bar, we lack jurisdiction to review it).

Appellant, however, alleges his innocence and contends that his instant petition qualifies as a motion for post-conviction DNA testing pursuant to Section 9543.1. (*See* appellant's brief at 1; *pro se* PCRA petition, 8/17/16 at 1.)

Motions for post-conviction DNA tests, while considered post-conviction petitions under the PCRA, are clearly separate and distinct from claims

> pursuant to other sections of the PCRA. It is well-recognized that the one-year time bar proscribed under the PCRA does not apply to petitions for post-conviction DNA testing under Section 9543.1.

*Commonwealth v. Perry*, 959 A.2d 932, 938 (Pa.Super. 2008) (citations and internal quotation marks omitted).

Section 9543.1 provides, in relevant part, as follows:

> **(a)  Motion.--**
>
> > (1)  An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.
>
> > . . . .
>
> **(c)  Requirements.--**In any motion under subsection (a), under penalty of perjury, the applicant shall:
>
> > (1)(i)  specify the evidence to be tested;
>
> > (ii)  state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and
>
> > (iii)  acknowledge that the applicant understands that, if the motion is granted, any data obtained

> from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.
>
> (2)(i) assert the applicant's actual innocence of the offense for which the applicant was convicted;
>
> . . . .
>
> (3) present a ***prima facie*** case demonstrating that the:
>
> > (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and
> >
> > (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:
> >
> > > (A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1(a), (c).

To the extent appellant's petition is construed as a motion for post-conviction DNA testing, our review of the record reveals that appellant's serial request is duplicative of those raised in his three prior motions for post-conviction DNA testing. As a panel of this court previously explained, appellant failed to establish a ***prima facie*** case for DNA testing:

The claim advanced by [a]ppellant here is the same claim advanced in his previous motions for post-conviction DNA testing. Appellant claims that the victim at some point during the relevant period had sex with two other men and that the victim and those men conspired to rob him. This claim was fully litigated at [a]ppellant's first PCRA hearing and rejected by the PCRA court. This Court upheld the denial of the PCRA petition on appeal. Thus, in the absence of any new evidence, which [a]ppellant has not furnished, this claim is estopped under the law of the case doctrine. ***Commonwealth v. King***, 999 A.2d 598, 599 (Pa.Super. 2010) (explaining that the law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.").

Even if this were not the case, [a]ppellant's claim suffers from the same deficiencies as in his earlier motions for post-conviction DNA testing. At trial, [a]ppellant admitted that he had unprotected anal sex with the victim and did not dispute that his seminal fluid would be present on the victim and her clothes. ([Notes of testimony,] 4/13/99 at 21-24).[Footnote] Thus, [a]ppellant's identity or participation in the crime was not an issue at trial. Appellant's motion for post-conviction DNA testing does not meet the requirement of 42 Pa.C.S.A. § 9543.1(c)(3)(1). ***See Commonwealth v. Williams***, 909 A.2d 383, 386 (Pa.Super. 2006) ("We find that the PCRA court properly dismissed Williams' motion for DNA testing as Williams' identity was not at issue at trial--as mentioned, the very theory of the defense, and the sum and substance of Williams' own testimony, was that the sexual intercourse had occurred and was consensual. Therefore, because Williams' participation was not at issue, the results of the DNA testing would not establish his innocence.").

> [Footnote] Appellant now disputes both of these contentions but he is bound by his worn trial testimony.

***Commonwealth v. Wilson***, 22 A.3d 1065 (Pa.Super. 2010) (unpublished memorandum at 7-8), ***appeal denied***, 24 A.3d 363 (Pa. 2011).

As recognized by the PCRA court, like his prior unsuccessful motions, appellant has again failed to present any new evidence establishing a ***prima facie*** case for DNA testing. (***See*** PCRA court opinion, 1/2/18 at 5.) Accordingly, for all the forgoing reasons, we discern no error on the part of the PCRA court in dismissing appellant's serial untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/18