J-S17037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BROOKS LITTLE | : | |
| | : | |
| Appellant | : | No. 2868 EDA 2023 |

Appeal from the Order Entered August 21, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004775-2019

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                      **FILED JUNE 06, 2024**

Brooks Little, Appellant, appeals *pro se* from the trial court's August 21, 2023 order denying his *pro se* "Motion for the Production of Documents." After careful review, we affirm.

The facts of Appellant's case are not pertinent to our disposition of his instant appeal. The procedural history of his case, as gleaned from the certified record, is as follows. On November 4, 2021, Appellant was found guilty of first-degree murder and related offenses following a non-jury trial. That same day, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole. A panel of this Court affirmed Appellant's judgment of sentence on February 24, 2023, and our Supreme Court denied his petition for allowance of appeal on July 28, 2023. *See Commonwealth v. Little*, 293 A.3d 639 (Pa. Super. 2023) (unpublished memorandum), *appeal denied*, 300 A.3d 1009 (Pa. 2023).

On August 18, 2023, Appellant filed the *pro se* "Motion for the Production of Documents" underlying this appeal. Therein, Appellant explained that he wished to file a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, but claimed that he could not do so "in the correct manner without the production of documents needed." Motion, 8/18/23, at 2. Appellant sought, *inter alia*, a "copy of the gunshot residue analysis prepared by RJ Lee Group" and "all documents that pertain to what former Philadelphia Homicide detective George Fetters was convicted of or being accused of [regarding] criminal or [other] misconduct…." **Id.** at 4. On August 21, 2023, the court issued an order dismissing Appellant's motion.

On October 3, 2023, Appellant filed a *pro se* notice of appeal from the court's August 21, 2023 dismissal order. The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but it did file a Rule 1925(a) opinion. Therein, the court concludes that Appellant's notice of appeal is untimely and invalid, as it was not filed within 30 days of the filing of the August 21, 2023 order. **See** Trial Court Opinion, 11/13/23, at 1 (single page) (citing Pa.R.A.P. 902(b)(2) ("The failure to file a notice of appeal within the time allowed by Pa.R.A.P. 903 (time for appeal) renders an appeal invalid."); Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.")). Because "[j]urisdiction is vested in the Superior Court upon the filing of a timely notice of appeal[,]"

*Commonwealth v. Powell*, 290 A.3d 751, 757 (Pa. Super. 2023), we must first consider whether the trial court is correct that Appellant's appeal is untimely.

Our examination of the record shows that there are no entries on the trial court's docket indicating that Appellant was served with the August 21, 2023 dismissal order. *See* Pa.R.Crim.P. 114(C)(2)(c) (stating that the docket entries "shall contain" the "date of service of the order"). In *Commonwealth v. Midgley*, 289 A.3d 1111 (Pa. Super. 2023), this Court addressed the trial court's failure to comply with Rule 114(C)(2)(c), concluding that, "Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." *Id.* at 1117. Accordingly, we consider Appellant's instant appeal as being timely filed.

Herein, Appellant reiterates the claims set forth in his "Motion for the Production of Documents," claiming that he intends to file a PCRA petition and that he requires certain discovery to do so. *See* Appellant's Brief at 2. He also claims, for the first time on appeal, that his trial counsel failed to investigate items within the "initial discovery when the case was first provided," and that some evidence has been "erased" in this case. *Id.*

No relief is due. Initially, we recognize that this Court has treated post-conviction motions for discovery, which were filed when nothing else was pending in the trial court, as petitions under the PCRA. *See Commonwealth*

- 3 -

***v. Henderson***, 260 A.3d 104 (Pa. Super. filed July 1, 2021) (unpublished memorandum) (considering the appellant's motion to compel documents from county's department of court records as an untimely PCRA petition); ***Commonwealth v. Palmer***, 236 A.3d 1113 (Pa. Super. 2020) (unpublished memorandum) (treating Palmer's *pro se* motion to compel discovery as his first PCRA petition and remanding for the appointment of counsel).[1]  Both the ***Palmer*** and ***Henderson*** panels relied on ***Commonwealth v. Fowler***, 930 A.2d 586 (Pa. Super. 2007), where we declared that "[i]t is … well-settled that the PCRA provides the sole means for obtaining collateral review, and that any petition ***filed after the judgment of sentence becomes final*** will be treated as a PCRA petition." ***Id.*** at 591 (citations and internal quotation marks omitted; emphasis added).

Here, Appellant's judgment of sentence was ***not*** final when he filed his motion to compel discovery.  As stated *supra*, our Supreme Court denied his petition for allowance of appeal on July 28, 2023.  When the Pennsylvania Supreme Court denies allowance of appeal, an appellant has 90 days to file a Petition for Writ of Certiorari to the U.S. Supreme Court.  ***See*** U.S.Sup.Ct.R. 13.  If the appellant does not file such a petition, his or her judgment of sentence becomes final at the expiration of the 90-day appeal period.  ***See*** 42 Pa.C.S. § 9545(b)(3); ***Commonwealth v. King***, 999 A.2d 598, 599 n.1 (Pa.

---

[1] Pursuant to Pennsylvania Rule of Appellate Procedure 126, unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.  Pa.R.A.P. 126(b).

Super. 2010) (noting that a judgment of sentence becomes final 90 days after Pennsylvania Supreme Court denies *allocatur*). Accordingly, Appellant's judgment of sentence did not become final until October 28, 2023. Because his August 18, 2023 motion to compel discovery was filed **before** that date, we discern no error in the trial court's not treating it as a PCRA petition requiring the appointment of counsel.

We also discern no error in the trial court's denying Appellant's request for discovery. First, regarding Appellant's claims that his trial counsel failed to properly investigate the initial discovery provided in this case, and that certain evidence has been "erased[,]" Appellant's Brief at 2, we conclude that these arguments are waived because Appellant is raising them for the first time on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Second, we agree with the Commonwealth that "when [Appellant] made the instant discovery motion, he had not filed a PCRA petition; therefore, there existed no proceedings under which [he] could have compelled discovery." Commonwealth's Brief at 6 (footnote omitted). Alternatively, we also agree with the trial court that, even if Appellant's motion could be construed as being related to a forthcoming PCRA petition, he has still failed to demonstrate that discovery is warranted. As the trial court aptly explained in its order denying Appellant's motion to compel discovery:

> Under [Pa.R.Crim.P.] 902(E)(1), which applies to all requests for discovery related to PCRA petitions with a limited exception, a defendant must show exceptional circumstances to be entitled to

- 5 -

discovery. Pa.R.Crim.P. 902[(E)(1)]. "Mere speculation" as to the existence of exculpatory evidence is insufficient to show the existence of exceptional circumstances. ***See Commonwealth v. Reid***, 99 A.3d 427[, 468] (Pa. 2014); ***see also Commonwealth v. Carson***, 913 A.2d 220, 261 [(Pa. 2006)] ("[S]peculation that requested documents will uncover exculpatory evidence does not satisfy the requirements of Rule 902[.]").  [Appellant] has failed to aver any facts or provide any evidence in support of his request for documents [that] establishes that exceptional circumstances exist in this case.

Order, 8/21/23, at 1 (single page).  We discern no error in the court's decision to deny Appellant's motion to compel discovery for the reasons stated by the court, especially where Appellant has not yet filed any PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/6/2024