J-S38004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEOFFREY ELKINGTON | : | |
| | : | |
| Appellant | : | No. 1497 EDA 2024 |

Appeal from the PCRA Order Entered May 10, 2024
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0001376-2009

BEFORE: STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED MARCH 26, 2025**

Appellant, Geoffrey Elkington, appeals *pro se* from the order entered in the Court of Common Pleas of Chester County on May 10, 2024, dismissing as untimely Appellant's petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The facts and the procedural history of the instant appeal can be summarized as follows. On April 14, 2010, a jury convicted Appellant of nine counts of involuntary deviate sexual intercourse with a child; one count of attempted rape of a child; five counts of aggravated indecent assault (complainant less than 13 years old); two counts of indecent assault; two counts of corruption of minors; and eleven counts of sexual abuse of children (possession of child pornography).

_____

[*] Former Justice specially assigned to the Superior Court.

On December 16, 2010, Appellant was sentenced to an aggregate term of 25 to 50 years' incarceration. On December 27, 2010, Appellant filed a post-sentence motion, which the trial court denied on March 21, 2011.

Appellant timely appealed. On July 24, 2012, we affirmed the judgment of sentence. *See Commonwealth v. G.E.*, No. 1075 EDA 2011, unpublished memorandum (Pa. Super. filed July 24, 2012). On June 19, 2013, our Supreme Court denied allowance of appeal. *See Commonwealth v. Elkington*, 620 Pa. 713, 69 A.3d 242 (2013).

Appellant filed his first PCRA petition on September 11, 2013, which the PCRA court denied on September 23, 2014. On appeal, we affirmed. *See Commonwealth v. Elkington*, No. 2926 EDA 2014, unpublished memorandum (Pa. Super. filed April 8, 2015). Our Supreme Court denied Appellant's petition for allowance of appeal on October 26, 2015. *See Commonwealth v. Elkington*, 633 Pa. 775, 126 A.3d 1282 (2015).

Appellant filed his second PCRA petition on November 8, 2023, which the PCRA court dismissed as untimely on May 10, 2024. This appeal followed.

Appellant raises three claims for our review. Specifically, he argues that the Commonwealth gained remote access to his computer without a warrant, that the Commonwealth deliberately withheld a reply to a search warrant, and that the Commonwealth fabricated evidence against him. *See* Appellant's Brief at 7.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

It is undisputed that Appellant's second petition, which was filed on November 8, 2023, is facially untimely.[1,2] However, Appellant asserts that his

---

[1] In fact, in his petition, Appellant acknowledges that the underlying petition is indeed untimely. PCRA Petition, 11/8/23, at 3.

[2] Appellant's judgment of sentence became final on September 17, 2013, at the expiration of the 90 days to file a petition for writ of certiorari to the United
*(Footnote Continued Next Page)*

claims are not subject to the PCRA time limitations. Unsurprisingly, Appellant provides no authority to support his argument. PCRA Petition, 11/8/23, at 3-4.

To the extent Appellant's claims are subject to the PCRA time limitations, Appellant argues that facts upon which the claims are predicated were unknown to him and could not have ascertained by the exercise of due diligence. *Id.* at 4. In other words, Appellant appears to argue that his *Brady*[3]-sounding claims qualified as newly-discovered facts for purposes of Pa.C.S.A. § 9545(b)(1)(ii).[4] We disagree.

> Section 9545(b)(1)(ii)'s exception requires the facts upon which the *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. *Commonwealth v. Lambert*, 584 Pa. 461, 884 A.2d 848, 852 ([Pa.] 2005). In [*Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007)], we clarified that § 9454(b)(1)(ii)'s exception does not contain the same requirements as a *Brady*

---

States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13; *Commonwealth v. King*, 999 A.2d 598, 599 n.1 (Pa. Super. 2010) (judgment of sentence becomes final 90 days after Pennsylvania Supreme Court denies *allocatur*). Appellant had one year from September 17, 2013 (*i.e.*, September 17, 2014) to file a timely PCRA petition. The instant petition, which was filed on November 8, 2023, is, therefore, facially untimely.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the U.S. Supreme Court held that a "defendant has a federal constitutional right to receive material exculpatory evidence in the prosecution's possession." *Commonwealth v. Simpson*, 66 A.3d 253, 264 (Pa. 2013).

[4] To the extent Appellant is claiming prosecutorial misconduct, the claim is not cognizable under the PCRA. *See Commonwealth v. Sepulveda*, 55 A.3d 1108, 1138 (Pa. 2012) ("We agree with the PCRA court that appellant's claim is not cognizable to the extent it sounds in a claim of prosecutorial misconduct.").

claim, noting "we made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." **Bennett**, at 1271 (quoting **Lambert**, at 852).

**Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).

Here, Appellant, did not state in his petition or in any submission to the PCRA court when he learned of these facts, how he came to learn of these facts, or when he made efforts to discover these facts. Mere allegations that a PCRA petitioner did not learn of facts until shortly before the PCRA petition was filed, without any allegations showing timely efforts or inability to discover that information earlier, are insufficient to bring a petition within the PCRA's timeliness exceptions. **See Commonwealth v. Sutton**, 2019 WL 2619325, *4 (Pa. Super. filed June 26, 2019).[5]

Throughout Appellant's filings, there is some confusion about the exact contours of the newly discovered facts exception and the governmental interference exception. To the extent that Appellant's claims can be construed as suggesting that they qualify under the governmental interference exception, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." **Abu-Jamal**, 941 A.2d at 1268.

_____

[5] A non-precedential decision filed after May 1, 2019, may be cited for its persuasive value. **See** Pa.R.A.P. 126(b).

Here, Appellant failed to explain why he could not have obtained the information about the Commonwealth's alleged interference earlier with the exercise of due diligence. Appellant, therefore, failed to prove that his claim meets the governmental interference exception.

Given that the underlying petition is facially untimely, and that Appellant failed to plead and prove the applicability of any exception to the one-year rule,[6] we conclude that the PCRA court properly dismissed the underlying petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025

---

[6] In its Pa.R.Crim. 907 Notice, the PCRA court also noted that "[a]ll issues raised by [Appellant] became known or should have become known to him at time of trial." Notice, 1/4/24, at 2, n.1.