J-S19012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD A. JOHNSON | : | |
| | : | |
| Appellant | : | No. 1269 WDA 2020 |

Appeal from the PCRA Order Entered October 26, 2020
In the Court of Common Pleas of Armstrong County Criminal Division at No(s):
CP-03-CR-0000197-2015

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: OCTOBER 6, 2021**

Appellant, Todd A. Johnson, appeals from the Order entered on October 26, 2020, dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

On December 10, 2015, a jury convicted Appellant of Second-Degree Murder and Robbery. Appellant was 17 years old at the time he committed the offenses. On February 2, 2016, the trial court sentenced Appellant to 418 months to life in prison. This Court affirmed on direct appeal, and, on May 7, 2018, our Supreme Court denied allowance of appeal. **See Commonwealth v. Johnson**, No. 758 WDA 2016, 2017 WL 4509813 (Pa.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Super. filed Sept. 29, 2017) (unpublished memorandum), *appeal denied* 185 A.3d 277 (Pa. 2018).

Represented by PCRA counsel, on July 8, 2019, Appellant filed the instant Petition, his first. On September 25, 2020, the PCRA court held a hearing on Appellant's Petition, after which the court accepted post-hearing briefs from the parties. By Order dated October 26, 2020, the court dismissed Appellant's Petition as untimely and without merit.

Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following issues for review:

> 1. The trial court committed an error of law when it denied [] Appellant's [PCRA Petition] and determined that it was untimely, that the trial court did not have jurisdiction to consider the merits of Appellant's [Petition] and thus the [Petition] should be dismissed.
>
> 2. The trial court committed an error of law when it denied [] Appellant's [PCRA Petition] and found that Appellant's [Petition] failed as a matter of law.
>
> 3. The trial court committed an error of law when it denied [] Appellant's [PCRA Petition] and found that Appellant's trial counsel[] was not ineffective in failing to preserve the five raised issues for appeal.
>
> 4. The trial court committed an error of law when it denied [] Appellant's [PCRA Petition] and found that Appellant's [Petition] lacked any arguable merit.
>
> 5. The trial court committed an error of law when it denied [] Appellant's [PCRA Petition] and found that Appellant failed to raise the claim of whether [Appellant's] constitutional rights [were] violated when he was convicted of felony murder but was never charged with the underlying felony before the trial court even prior to the filing of [Appellant's] Concise Statement.

6. The trial court committed an error of law when it denied []
Appellant's [PCRA Petition] and determined that any or all of the
issues raised in his [Petition] failed to show Appellant has been
prejudiced to a degree warranting the reinstatement of his
appellate rights *nunc pro tunc*.

Appellant's Br. at 9-10 (unnecessary capitalization omitted).[1]

We review the denial of a PCRA Petition to determine whether the
record supports the PCRA court's findings and whether the court's order is
otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803
(Pa. 2014). This Court grants great deference to the findings of the PCRA
court if the record supports them. ***Commonwealth v. Boyd***, 923 A.2d 513,
515 (Pa. Super. 2007). We give no such deference, however, to the court's
legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super.
2012).

## Timeliness of Appellant's PCRA Petition

In his first issue, Appellant challenges the PCRA court's finding that he
untimely filed his PCRA Petition. After review, we conclude that the PCRA
court erred by finding Appellant's Petition to be untimely.

A petitioner must file their PCRA petition within one year of the date
the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A

---

[1] Throughout his Brief, Appellant attempts to incorporate by reference a
Brief he filed on direct appeal in 2016. ***See*** Appellant's Br. at 23 n.1, 26 n.6-
8, 27 n.9. "'[I]ncorporation by reference' is an unacceptable manner of
appellate advocacy for the proper presentation of a claim for relief[.]"
***Commonwealth v. Briggs***, 12 A.3d 291, 342 (Pa. 2011). We will not
consider matters not presented in Appellant's current Brief. ***Id.*** at 343.

- 3 -

judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Relevant to the instant case, when the Pennsylvania Supreme Court denies allowance of appeal, an appellant has 90 days to file a Petition for Writ of *Certiorari* to the U.S. Supreme Court. U.S.Sup.Ct.R. 13. If the appellant does not file such a petition, his or her judgment of sentence becomes final at the expiration of the 90-day appeal period. 42 Pa.C.S. § 9545(b)(3). **See Commonwealth v. King**, 999 A.2d 598, 599 n.1 (Pa. Super. 2010) (noting judgment of sentence becomes final 90 days after Pennsylvania Supreme Court denies allocator).

In finding Appellant's Petition untimely, the PCRA court reasoned, "[Appellant's] petition for allowance of appeal before the Pennsylvania Supreme Court was denied on May 7, 2018. **The time period for filing a petition for *certiorari* to the United States Supreme Court expired 30 days later, or on June 6, 2018.** Defendant's judgment of sentence therefore became final on that date. . . . Defendant then filed his [Petition] on July 8, 2019. . . . Defendant clearly did not file his PCRA petition within one year after his judgment of sentence became final." PCRA Ct. Op., 10/26/20, at 3-4.

The trial court erred by finding that Appellant's judgment of sentence became final on June 6, 2018, 30 days after our Supreme Court denied

allowance of appeal. Instead, Appellant's judgment of sentence became final on August 5, 2018, 90 days after our Supreme Court's denial. Appellant then had one year, until August 5, 2019, to timely file a PCRA Petition. As a result, Appellant's Petition, which he filed on July 8, 2019, is timely.

Despite errantly finding Appellant's Petition to be untimely, the PCRA court nonetheless addressed the merits of Appellant's issues. Accordingly, we need not remand for the PCRA court to address Appellant's claims asserted in his Rule 1925(b) Statement and we proceed to consider the merits of Appellant's claims raised in this Appeal.

**Ineffective Assistance of Counsel**

Appellant's remaining issues involve allegations of ineffective assistance of appellate counsel. On direct appeal, Appellant argued eight allegations of trial court error. His counsel, however, had preserved only three of these claims by including them in Appellant's Rule 1925(b) Statement. As a result, this Court found that Appellant waived the following claims on direct appeal:

> [1.] Whether [Appellant's] constitutional rights are violated when he is convicted of felony-murder but was never charged with the underlying felony.
>
> [2.] Whether felony-murder as applied to a juvenile is unconstitutional.
>
> [3.] Whether the interest in ensuring that the felony-murder conviction as to a juvenile offender is unconstitutional outweighs the interest in finality.

[4.] Whether [Appellant's] conviction can stand because a juvenile standard must be applied to [Appellant's] response in self-defense.

[5.] Whether the required application of the "reasonable juvenile standard" in this case requires that the felony-murder conviction be overturned.

*Johnson*, 2017 WL 4509813 at *2-4.

Appellant alleges, in his second and third issues in the present appeal, that his trial counsel was ineffective for failing to preserve these claims by raising them in his Rule 1925(b) Statement. Appellant's Br. at 17-22. In his fourth and fifth issues, Appellant individually addresses the arguable merit of each of the above waived claims. *Id.* at 23-34. In his sixth issue, Appellant concludes that he suffered prejudice from direct appellate counsel's failure to preserve these claims on direct appeal. *Id.* at 35.

Discussed in more detail *infra*, the PCRA court found that Appellant failed to prove the arguable merit of any of his underlying claims. PCRA Ct. Op., at 6. We will address each of Appellant's underlying claims individually. In doing so, we presume that counsel was effective. ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015).

"If a petitioner fails to satisfy any prong of the ineffectiveness inquiry, a claim of ineffective assistance of counsel will be rejected."

*Commonwealth v. Eichinger*, 108 A.3d 821, 830-31 (Pa. 2014). Additionally, it is axiomatic that "counsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

**Underlying claim 1: "Whether [Appellant's] constitutional rights are violated when he is convicted of felony-murder but was never charged with the underlying felony."**

Appellant's first underlying claim relates to his counsel's failure to include, in his Rule 1925(b) Statement on direct appeal, an argument that his Second-Degree Murder conviction is illegal because the Commonwealth failed to charge him with the underlying predicate felony.[2] Appellant's Br. at 23-26.

The PCRA court found that Appellant's claim "lacks merit entirely" because the Commonwealth charged Appellant with felony Attempted Robbery[3] by amended information filed on December 2, 2015. PCRA Ct. Op., at 6-7. We agree.

The Commonwealth's amended Information alleged that Appellant killed the victim during the commission of this attempted robbery. ***See***

---

[2] "To secure a conviction for second-degree murder, the Commonwealth must prove that the defendant committed a murder 'while [he or she] was engaged . . . in the perpetration of a felony.'" *Commonwealth v. Miller*, 35 A.3d 1206, 1212 (Pa. 2012) (emphasis omitted, citing 18 Pa.C.S. § 2502(b)).

[3] 18 Pa.C.S. §§ 901, 3701(a)(1)(ii).

Information, filed 12/2/15. Appellant's claim to the contrary is completely frivolous and his counsel cannot have been ineffective for failing to preserve a challenge to a meritless claim.

**Underlying claim 2: "Whether [Second-Degree M]urder as applied to a juvenile is unconstitutional."**

Appellant's second underlying claim involves his counsel's failure to raise, in his Rule 1925(b) Statement on direct appeal, an allegation that Appellant's conviction for Second-Degree Murder is illegal under the Eighth Amendment's ban on cruel and unusual punishment. Appellant's Br. at 27-33. Appellant alleges that the Eighth Amendment prohibits convicting a juvenile of Second-Degree Murder. *Id.* In support, he cites *Roper v. Simmons*, 543 U.S. 551 (2005) (holding that the Eighth Amendment precludes the death penalty for juveniles), *Graham v. Florida*, 560 U.S. 48 (2010) (holding that the Eighth Amendment precludes life imprisonment without parole for a juvenile who did not commit homicide), and *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that the Eighth Amendment requires sentencing discretion for juveniles convicted of murder). *Id.* at 29.

The PCRA court found that Appellant's claim lacks arguable merit because he failed to cite any authority supporting a conclusion that the Eighth Amendment prohibits convicting juveniles of Second-Degree Murder. PCRA Ct. Op., at 7. We agree.

None of the cases that Appellant cites compel, or even intimate, a conclusion that the Eighth Amendment prohibits convicting a juvenile of

Second-Degree Murder. Rather, the cases Appellant has cited involve juvenile *sentencing*, and do not address the interplay between the Eighth Amendment and juvenile murder *convictions*. Moreover, the Eighth Amendment prohibits cruel and unusual punishment. ***Hope v. Pelzer***, 536 U.S. 730, 737 (2002). It does not bear upon convictions. We, therefore, agree with the PCRA court that this claim is without merit.

**Underlying claim 3: "Whether the interest in ensuring that the felony-murder conviction as to a juvenile offender is unconstitutional outweighs the interest in finality."**

In support of his third underlying claim, Appellant argues that "a Juvenile Defendant's interest in a conviction which is unconstitutional under the Eighth Amendment outweighs the Commonwealth's interest in finality. Therefore, Appellant's argument that his trial counsel was ineffective regarding this issue on appeal is with merit." Appellant's Br. at 26. Again, Appellant has not established the merit of his argument that his conviction is illegal under the Eighth Amendment. He is, therefore, unable to establish the merit of an argument that his interest in litigating such an issue outweighs the Commonwealth's interest in finality. Consequently, we agree with the PCRA court that this claim is without merit.

**Underlying claims 4 and 5: "Whether [Appellant's] conviction [c]an stand because a juvenile standard must be applied to [Appellant's] response in self-defense."**

Finally, Appellant's fourth and fifth underlying claims relate to counsel's failure to include, in his Rule 1925(b) Statement on direct appeal,

an argument that the trial court should have given the jury, as part of its self-defense instruction, an explanation that it must apply a "reasonable juvenile standard." Appellant's Br. at 27.

To preserve a challenge to a jury instruction, an appellant must lodge "specific objections [] thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(C). **See also Commonwealth v. Pressley**, 887 A.2d 220, 224 (Pa. 2005) ("The pertinent rules[] require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction.").

Appellant fails to direct this Court to where in the record he requested a "reasonable juvenile standard" jury instruction, and our review indicates that Appellant did not request such an instruction. **See** Defendant's Proposed Jury Instructions, filed 12/4/15; N.T. Trial, 12/10/15, at 542-661. Appellant likewise did not object to the trial court's instruction on self-defense. **See** N.T. Trial, at 542-661. Therefore, even if appellate counsel had included this claim in Appellant's Rule 1925(b) Statement on direct appeal, we would have found the issue waived for failure to preserve it at trial. As a result, his counsel cannot be found ineffective for failing to include the issue in Appellant's Rule 1925(b) Statement.

After careful review, we conclude that the record supports the PCRA court's finding that Appellant failed to plead and prove his underlying claims are of arguable merit. Since Appellant has failed to satisfy his burden to

prove his claims' merit, we need not address the other elements of the ineffective assistance of counsel test.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2021