J-S32026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW ISAIAH DARBY | : | |
| | : | |
| Appellant | : | No. 300 WDA 2021 |

Appeal from the PCRA Order Entered February 1, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0002886-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW ISAIAH DARBY | : | |
| | : | |
| Appellant | : | No. 301 WDA 2021 |

Appeal from the PCRA Order Entered February 1, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0000997-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW ISAIAH DARBY | : | |
| | : | |
| Appellant | : | No. 302 WDA 2021 |

Appeal from the PCRA Order Entered February 1, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0000980-2018

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

J-S32026-21

MEMORANDUM BY MURRAY, J.:                    **FILED: JANUARY 3, 2022**

Matthew Isaiah Darby (Appellant) appeals[1] from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate and remand for a hearing.

On September 20, 2017, Appellant broke into the apartment of his former girlfriend, Alina Sheykhet (the Victim).  The Victim and her roommates told Appellant multiple times to leave, and Appellant eventually "left through the front door and sped away in his vehicle."  N.T., 10/17/18, at 23.  The Victim then contacted police and the Commonwealth charged Appellant with criminal trespass at CP-02-CR-997-2018 (the criminal trespass case).

On September 21, 2017, the Victim obtained a temporary protection from abuse (PFA) order prohibiting Appellant from contacting her or entering her residence.  Police arrested Appellant five days later on an outstanding warrant in the criminal trespass case.  Appellant posted bond the same day, with the condition that he have no contact with the Victim.  *Id.* at 26.

In violation of the bail condition and PFA order, Appellant broke into the Victim's apartment a second time in the early morning hours of October 8, 2017, and murdered the Victim with a hammer and two knives he obtained in the apartment building.  The Commonwealth charged Appellant with criminal

_____

[1] Appellant filed separate notices of appeal at each docket consistent with ***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018).  We consolidated the appeals *sua sponte* on April 27, 2021.

- 2 -

homicide, burglary, flight to avoid apprehension, theft by unlawful taking, and possessing instruments of crime at CP-02-CR-980-2018 (the homicide case). The Commonwealth also filed a notice of intention to seek the death penalty and notice of aggravating circumstances.

A few days later, a 17-year-old female contacted police to report that Appellant had raped her a week prior, on October 3, 2017. The Commonwealth charged Appellant with rape, sexual assault, indecent assault without consent, unlawful contact with a minor, and two counts of simple assault at CP-02-CR-2886-2018 (the rape case).

On October 17, 2018, Appellant entered negotiated guilty pleas at each of the three dockets. In exchange for the Commonwealth's withdrawal of its intent to seek the death penalty, Appellant pled guilty to first-degree murder and the other charges in the homicide case. That same day, the court sentenced Appellant to life in prison without parole, followed by a consecutive aggregate sentence of 18½ - 37 years of incarceration. In the criminal trespass case, Appellant pled guilty to criminal trespass and the trial court sentenced Appellant to 3½ - 7 years of incarceration to run concurrent to the sentence in the homicide case. In the rape case, Appellant pled guilty to two counts of simple assault and received a sentence of 2 - 4 years of incarceration to be served consecutive to the sentence in the homicide case. Appellant did not file post-sentence motions or a direct appeal.

On October 17, 2019, Appellant filed the underlying counseled PCRA petition raising claims of plea counsel's ineffectiveness. However, the petition did not include signed certifications regarding witnesses and testimony as required by 42 Pa.C.S.A. § 9545(d).[2] On November 13, 2019, the PCRA court[3] issued a Memorandum Opinion and Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907.

Appellant filed a timely response on December 13, 2019 in which he repeated his claim that he pled guilty as the "result of ineffectiveness of counsel." Answer to Notice of Intention to Dismiss PCRA Motion, 12/13/19, at 7. In more than 20 averments, Appellant alleged ways in which plea counsel "failed to explain," "failed to investigate," and "chose not to perform the investigation and analysis . . . required for a fair analysis of risk." *Id.* at 2-6.

On February 24, 2020, the Commonwealth filed an answer detailing its argument that Appellant's claims of ineffective assistance of counsel lacked merit. Nonetheless, the Commonwealth stated, "in light of the claims

---

[2] "Where a petitioner requests an evidentiary hearing, the petition **shall** include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony." 42 Pa.C.S.A. § 9545(d)(i) (emphasis added).

[3] The Honorable Jeffrey A. Manning, who sat as the trial court, continued to preside in Appellant's post-conviction proceedings until January 2021, when the case was reassigned to the Honorable Edward J. Borkowski.

presented, the Commonwealth concedes that an evidentiary hearing may be necessary to resolve this issue." Answer to Petition for Post Conviction Relief, 2/24/20, at 31. By order entered June 11, 2020, Judge Manning reversed course and entered an order stating, "upon consideration of the Commonwealth's Answer to Post Conviction Relief Act Petition in which the Commonwealth concedes that an Evidentiary Hearing may be required, it is ORDERED that a hearing shall be held in this matter." Order, 6/11/20.

A hearing was scheduled for September 23, 2020. "However, a few days prior to the hearing," the PCRA court "received notice from [Appellant's] counsel regarding his intention to call out of town witnesses to testify at the hearing." *See* Order, 2/26/21, at 2 (unnumbered). The Commonwealth, having received no prior notice of Appellant's intent to call these witnesses due to Appellant's failure to include a signed certification pursuant to 42 Pa.C.S.A. § 9545(d), filed a motion to enforce the provisions of 42 Pa.C.S.A. § 9545(d). The PCRA court granted the motion and the hearing was continued. The court instructed:

> [Appellant] shall produce a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall disclose any documents material to that witness's testimony. Failure to substantially comply with the requirements shall render the proposed witness's testimony inadmissible.

Order, 9/16/20.

There was no further activity until January 2021, when Judge Manning became unavailable due to health reasons, and the case was reassigned to

Judge Borkowski. On February 1, 2021, Judge Borkowski issued an order explaining that he was dismissing Appellant's petition,

> for the reasons set forth in the Memorandum Opinion and Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, dated November 13, 2019, and after review of [Appellant's] Answer to Notice of Intention to Dismiss Petition Under the Pennsylvania Post-Conviction Relief Act and Petitioner/Defendant's Rule 902(a)(14) Verification of Answer to Notice of Intention to Dismiss Petition Under the Pennsylvania Post-Conviction Relief Act, the Commonwealth's Answer to Post Conviction Relief Act Petition, the Commonwealth's Motion to Enforce Provisions of 42 Pa.C.S.A. §9545(d), and [Appellant's] failure to comply with the September 15, 2020, Order of Court directing the defendant to comply with 42 Pa.C.S.A. §9545(d).

Order, 2/1/21 (footnote omitted).

Appellant filed a motion for reconsideration on February 23, 2021, which the PCRA court denied. Order, 2/26/21, at 2 (explaining Appellant "has been given ample opportunity by the [PCRA c]ourt to comply with the provisions of 42 Pa.C.S.A. § 9545(d), but has blatantly failed to do so"). On February 26, 2021, Appellant filed a second motion for reconsideration, and on March 1, 2021, Appellant filed his certification pursuant to 42 Pa.C.S.A. § 9545(d). The PCRA court denied Appellant's second motion for reconsideration, citing the reasons "set forth in detail . . . in [the court's] February 26, 2021 Order." Order, 3/1/21. Appellant timely appealed at each docket. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). The court stated:

> The Court set forth in its Notice of Intent to Dismiss, dated November 13, 2019, the Court's reasons for denying Appellant's Post Conviction Relief Act Petition. Additionally, the Court set forth its reasons for denying the PCRA Petition in its February 26, 2021 Order of Court denying Appellant's Motions for Reconsideration

and its March 1, 2021 Order of Court denying Appellant's Second
Motions for Reconsideration.

Order, 3/2/21.

On appeal, Appellant presents two issues:

1. Was it legal error for Judge Borkowski to dismiss [Appellant's]
   PCRA petition without a hearing when the predecessor judge,
   Judge Manning, had previously ordered a hearing, and the
   Commonwealth itself had concluded in a pleading, "However,
   in light of the claims presented, the Commonwealth concedes
   that an evidentiary hearing may be necessary to resolve this
   issue."?

2. Is it *per se* ineffective assistance of counsel in violation of the
   [Appellant's] rights guaranteed under Article I, Section 9 of the
   Pennsylvania Constitution and the Sixth Amendment to the
   United States Constitution for counsel to forgo investigation
   and analysis of the case itself, let alone of the aggravating and
   mitigating factors set forth in 42 Pa.C.S. § 9711, and advise a
   defendant to plead guilty to murder in the first degree with a
   sentence of life without the possibility of parole in exchange for
   the Commonwealth's withdrawal of its Notice of Intention to
   Seek the Death Penalty?

Appellant's Brief at 2.

Upon review, we find Appellant's first issue to be convincing and
dispositive.[4]

_____

[4] The Commonwealth persuasively advocates for waiver because Appellant
"fails to cite any law or develop any proper legal argument," "fails to cite or
make cross-reference to the place(s) in the certified record wherein his claim
was preserved," and "fails to cite the certified record for his assertions of fact."
Commonwealth Brief at 29, 33.  However, we decline to find waiver.  "We
must construe the provisions of the PCRA liberally to effect their objects and
to promote justice." **Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa.
2007).

Appellant argues that under the coordinate jurisdiction rule, Judge Borkowski, sitting as the PCRA court, was required to hold the hearing ordered by Judge Manning. The coordinate jurisdiction rule provides that "judges of coordinate jurisdiction should not overrule each other's decisions." ***Zane v. Friends Hosp.***, 836 A.2d 25, 29 (Pa. 2003). The rule, applicable in both civil and criminal cases, "falls within the ambit of the 'law of the case doctrine.'" ***Riccio v. American Republic Ins. Co.***, 683 A.2d 1226, 1230 (Pa. Super. 1996) (citing ***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995)). The Pennsylvania Supreme Court explained in ***Starr*** that the law of the case "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." ***Id.*** at 1331. "Among the related but distinct rules which make

---

It is well settled that the PCRA provides the "sole means for obtaining collateral relief" on claims cognizable under the PCRA. 42 Pa.C.S. § 9542; ***see also Commonwealth v. Chester***, 557 Pa. 358, 733 A.2d 1242, 1250 (1999) (offering that the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under PCRA). To this end, the PCRA envisions that persons convicted of a crime be permitted one review of their collateral claims. 42 Pa.C.S. § 9543; ***Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638, 643 (1998) (stating that the purpose of the PCRA is "to provide a reasonable opportunity for those who have been wrongfully convicted to demonstrate the injustice of their convictions"); ***cf. Commonwealth v. Judge***, 591 Pa. 126, 916 A.2d 511, 520 (2007) (quoting same language from ***Peterkin***).

***Id***. at 1267.

up the law of the case doctrine" is that "**upon transfer of a matter between trial judges of coordinate jurisdiction**, **the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court**." *Id.* (emphasis added).

This Court examined the coordinate jurisdiction rule in the context of an order scheduling a PCRA hearing in **Commonwealth v. King**, 999 A.2d 598 (Pa. Super. 2010), where Judge Cheryl Lynn Allen, sitting as the PCRA court, ordered a hearing, but left the Court of Common Pleas after being elected to the Superior Court, and the newly-assigned judge dismissed the petition without a hearing.

On appeal, the petitioner/appellant argued "that under the coordinate jurisdiction rule, the PCRA court was required to hold the hearing scheduled by Judge Allen." *Id.* at 600. The Commonwealth argued that the coordinate jurisdiction rule was not applicable because "the coordinate jurisdiction rule applies only to decisions rendered upon legal questions," and Judge Allen's order constituted "case management" which "did not dispose of any substantive legal issues[.]" *Id.* We agreed with the petitioner/appellant. In concluding that Judge Allen's decision to grant a hearing "was more akin to the disposition of a legal question," we explained:

> [W]hile "[t]here is no absolute right to an evidentiary hearing on a PCRA petition," it is only appropriate to deny a petitioner a hearing where "the PCRA court can determine from the record that no genuine issues of material fact exist." **Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). Therefore, Judge Allen's decision to grant Appellant a hearing indicates that

she found that there were genuine issues of material fact necessitating further examination. Accordingly, we conclude that Judge Allen's determination in this regard **resolved a "legal question"** and, thus, under **Starr**, the coordinate jurisdiction rule bound the PCRA court to proceed with the scheduled hearing.

**Id.** at 601 (emphasis added).

Notably, **King** appears to be the sole authority on this point. Although in **King** we found Judge Allen's "decision to grant Appellant a hearing indicates that she found that **there were** genuine issues of material fact necessitating further examination," and here, Judge Manning's order scheduling a hearing is based on the Commonwealth's concession that "a hearing **may be** required," we find **King** to be controlling. The Commonwealth attempts to distinguish **King**, suggesting "Judge Manning's order appears to have been based solely on the Commonwealth's concession that a hearing may have been necessary" – rather than deciding a substantive legal question – but concedes "this Court may decide to remand this case for an evidentiary hearing." Commonwealth Brief at 30, 41; **see also id.** at 55-60.[5]

For the above reasons, we find Judge Manning resolved a legal question by ordering that a hearing "shall be held." Order, 6/11/20. Accordingly, Judge Borkowski was "bound . . . to proceed with the scheduled hearing." **King**, 999 A.2d at 601.

---

[5] The Commonwealth "recognized the advisability of conducting an evidentiary hearing," and in its answer to Appellant's petition, "wrote that 'based on the foregoing, the Commonwealth respectfully requests an evidentiary hearing be scheduled.'" **Id.** at 57-58. The Commonwealth also references the "principle undergirding the PCRA which encourages free amendment of petitions in PCRA proceedings" and the fact that Appellant "did eventually file witness certifications." **Id.** at 58, 60.

Order vacated.  Case remanded for proceedings consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/3/2022