J-S35030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN GLEN RICHARD | : | |
| | : | |
| Appellant | : | No. 419 MDA 2024 |

Appeal from the PCRA Order Entered March 11, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000084-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN GLEN RICHARD | : | |
| | : | |
| Appellant | : | No. 420 MDA 2024 |

Appeal from the PCRA Order Entered March 11, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000083-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN GLEN RICHARD | : | |
| | : | |
| Appellant | : | No. 421 MDA 2024 |

Appeal from the PCRA Order Entered March 11, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000294-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  | : |  |
| --- | --- | --- | --- |
| | v. | : | |
| | | : | |
| | | : | |
| JUSTIN GLEN RICHARD | | : | |
| | | : | |
| | Appellant | : | No. 422 MDA 2024 |

Appeal from the PCRA Order Entered March 11, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000085-2016

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 28, 2024**

In this consolidated appeal, Justin Glen Richard (Appellant) appeals from the orders dismissing as untimely his second petitions for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts underlying Appellant's convictions are not relevant to this appeal.  The PCRA court summarized the procedural background:

> On or about September 11, 2012, under criminal docket CP-60-CR-294-2012, [Appellant] was charged with one count of second-degree murder, one count of third-degree murder, one count of aggravated assault, two counts of robbery, two counts of conspiracy to commit robbery, two counts of burglary, one count of possession of a firearm [by a prohibited person], and three counts of theft by unlawful taking.  On January 3, 2018, [Appellant] pled guilty to [third]-degree murder and one count of robbery.[1]  On [the same date], he was sentenced to serve sixteen (16) to thirty-two (32) years [in prison] for [third]-degree murder[,] and seven (7) to twenty (20) years for robbery[,] to run concurrent [with] the murder [sentence].
>
> On or about December 14, 2015, [Appellant] was charged in three additional cases for incidents that occurred in June 2012.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 3701(a)(1)(i).

- 2 -

Under criminal docket CP-60-CR-83-2016, [Appellant] was charged with one count of burglary and one count of theft by unlawful taking. Under criminal docket CP-60-CR-84-2016, [Appellant] was charged with one count of burglary and one count of theft by unlawful taking. Under criminal docket CP-60-CR-85-2016, [Appellant] was charged with three counts of aggravated assault, two counts of robbery, one count of conspiracy to commit robbery, one count of burglary, one count of conspiracy to commit burglary, three counts of terroristic threats, and two counts of theft by unlawful taking.

On May 17, 2019, [Appellant] resolved all three cases by entering a guilty plea…. Under CP-60-CR-85-2016, [Appellant] pled guilty to an amended count of … conspiracy to commit burglary; … under CP-60-CR-83-2016 and CP-60-CR-84-2016[, Appellant pled guilty to one count of theft by unlawful taking at each docket].[2] The plea agreement provided … [*inter alia*, that] the sentence[s] on each of the three [charges would] run concurrent [with] each other; and [it would be within the] discretion of [the trial] court as to whether the sentences [would run] concurrent [with the] other sentences currently being served by [Appellant]…. The remaining counts were *nolle prossed*.

On May 17, 2019, [Appellant] was sentenced … to serve thirty-three (33) to sixty-six (66) months [in prison] for the conspiracy charge, to run concurrent [with] CP-60-CR-294-2012. For both theft charges, [Appellant] was sentenced to serve twelve (12) to twenty-four (24) months [in prison,] to run concurrent [with] the conspiracy [sentence, and with one another].

PCRA Court Opinion, 4/18/23, at 1-2 (some capitalization modified; footnotes added).

The PCRA court detailed the post-conviction proceedings:

On November 30, 2020, [Appellant] filed a *pro se* [PCRA petition at each of the four above dockets, as well as CP-60-CR-156-2008 (the 2008 case)]. [Appellant] alleged that his guilty plea[s in the four above dockets were] not knowingly or intelligently entered because he did not have an understanding of the consequences in regards to his parole/back time. He further alleged the parole

---

[2] 18 Pa.C.S.A. §§ 903, 3921(a).

- 3 -

decision in July 2019 [relating to the] 2008 case[3] is illegal[,] and the sentence [imposed] in the CP-60-CR-294-2012 case was a breach of contract. [Appellant] alleged his failure to file his petition[s] in a timely manner was due to the inability to access the law library because of the COVID pandemic. On December 3, 2020, Trisha Jasper Hoover, Esquire, was appointed to represent [Appellant].

On January 19, 2021, Attorney Jasper Hoover filed a petition to withdraw from representation of [Appellant,] with a corresponding **Turner**/**Finley**[4] "No Merit Letter." Upon review of the matter, Attorney Jasper Hoover found [Appellant's] petition[s] to be untimely and without merit. A hearing was scheduled on the matter. On April 27, 2021, after conducting its own independent review, the [PCRA] court dismissed [Appellant's] petitions and granted Attorney Jasper Hoover's petition to withdraw. No direct appeal followed.]

On March 17, 2022, [Appellant] filed [the instant] *pro se* [PCRA petitions at the four above dockets, his second at each docket. Appellant] alleged that on October 5, 2021, [the Department of Corrections (DOC) issued him] a new DC16E[5] Sentence Status Summary[, which purportedly] … "made [Appellant] aware of [his] new controlling minimum [sentence] (March 5, 2035) and maximum [sentence] (December 5, 2053) [for the first time]." [PCRA Petitions, 3/17/22, at 3. Appellant alleged] that these facts were unknown to him and could not have been ascertained by the exercise of due diligence. **See** [**id.**] … Kyle Rude, Esquire, was appointed to represent [Appellant].

_____

[3] Appellant alleged that a July 2, 2019, decision by the Board of Probation and Parole "add[ed] 3 years, 8 months, and 24 days of back time…." PCRA Petition, 11/30/20, at 3. It appears Appellant's convictions in the four instant cases resulted in parole violations in the 2008 case, which required Appellant to serve "back time" on that sentence. **See id.**, Exhibit 1 (Notice of Board Decision, 7/2/19).

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] DC16E is a DOC form which lists an inmate's offenses, the minimum and maximum sentences for each, the minimum and maximum release dates, and any remarks relevant to the inmate's sentence.

On October 4, 2022, Attorney Rude filed [amended PCRA petitions at all four dockets,] seeking to vacate the plea agreement[s] reached in [all four dockets,] or for correction of an illegal sentence.

PCRA Court Opinion, 4/18/23, at 3-4 (some capitalization modified; footnotes added).

The amended petitions stated Appellant

is seeking to vacate the plea agreement[6] because said agreement [] called for five years and 114 days of time served credit that could not be granted to [Appellant] pursuant to 61 Pa.C.S.[A.] § 6138(a)(5)(i)[,] because the sentencing court could not impose a new sentence concurrent with the back time on his original sentence….[7] [Appellant] submits that his previous counsel was ineffective for negotiating for and counseling [Appellant] to enter into an agreement that could not be honored[,] as the sentence was in violation of 61 Pa.C.S.[A.] § 6138(a)(5)(i).

Amended Petitions, 10/4/22, ¶¶ 9, 11 (paragraph breaks omitted; footnotes added).

On April 18, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petitions without a hearing, and filed an accompanying opinion. The PCRA court determined the petitions were untimely filed, and that Appellant failed to establish any timeliness exception.

_____

[6] Appellant's petitions, and his appellate brief, repeatedly refer to "the plea agreement," without distinguishing between the plea agreement in CP-60-CR-256-2012 and the plea agreement in the three 2016 cases. *See*, *e.g.*, Amended Petitions, 10/4/22, ¶¶ 9; Appellant's Brief at 13-14. We are therefore unable to discern whether Appellant contends that one or both of these agreements contemplated credit for time served.

[7] At the time he pled guilty in the instant cases, Appellant was apparently still serving his sentence in the 2008 case, though his PCRA petitions failed to clearly identify that case or describe the previous sentence.

- 5 -

*See* PCRA Court Opinion, 4/18/23, at 4-6. Appellant responded to the notice on May 5, 2023.

Before the PCRA court entered its final orders, the presiding judge, the Honorable Michael Sholley (Judge Sholley), retired. The matters were reassigned to the Honorable Michael Piecuch (Judge Piecuch). On March 7, 2024, Judge Piecuch heard oral argument "on whether to reconsider Judge Sholley's denial of an evidentiary hearing." PCRA Court Opinion, 3/11/24, at 1. On March 11, 2024, Judge Piecuch entered final orders dismissing Appellant's petitions, and filed an opinion. In his opinion, Judge Piecuch indicated he agreed with and adopted Judge Sholley's April 18, 2023, opinion. *Id.* at 2. Judge Piecuch further opined that the coordinate jurisdiction rule barred him from reversing Judge Sholley's decision. *Id.* at 2-4 (citing *Commonwealth v. King*, 999 A.2d 598 (Pa. Super. 2010)).

Appellant filed timely appeals at all four dockets. Appellant and the PCRA court have complied with Pa.R.A.P. 1925. We consolidated the appeals *sua sponte*.

Appellant presents three issues for our review:

1. Appellant submits that the [PCRA] court erred in denying [Appellant's] PCRA petition without a hearing.

2. Appellant submits that both the [PCRA] court, and the [previous PCRA court judge], erred in determining that [Appellant's] petition lacked merit and, therefore, did not warrant an evidentiary hearing.

3. Appellant submits that the [PCRA] court erred in determining that the coordinate jurisdiction rule bar[red] the [PCRA] court

- 6 -

from reversing the decision of the [previous PCRA court judge,] which denied [Appellant's] PCRA petition without a hearing.

Appellant's Brief at 4 (issues reordered; some capitalization modified).

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.* Additionally, we observe that "a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

Appellant's first two issues challenge the PCRA court's determination that his petition was untimely. Appellant's Brief at 13-15. Before reaching a PCRA petition's substantive merits, we must first consider its timeliness. *Miller*, 102 A.3d at 992. "If a PCRA petition is untimely, a court lacks jurisdiction." *Commonwealth v. Reeves*, 296 A.3d 1228, 1230-31 (Pa. Super. 2023). A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Appellant's judgments of sentence became final in February 2018 (CP-60-CR-294-2012) and June 2019 (the three 2016 dockets), respectively, when the time for filing direct appeals expired. Appellant's March 17, 2022, petitions are therefore facially untimely.

"However, a petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)." *Reeves*, 296 A.3d at 1231; *see also* 42 Pa.C.S.A. § 9545(b)(2) (requiring any petition invoking an exception to be filed within one year of the date the claim could have been presented). One exception is that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence…." 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.

*Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019). Moreover, "the focus of this exception is on the newly discovered facts, **not on a newly discovered or newly willing source for previously known facts**." *Commonwealth v. Lopez*, 249 A.3d 993, 999 (Pa. 2021) (quotation marks and citation omitted; emphasis in original).

Here, Appellant argues his petitions established the newly discovered fact exception. Appellant's Brief at 13-15. Appellant maintains "it is clear that [Appellant] was not aware of the fact that he would not be permitted to receive the appropriate amount of credit [for time served] that was contemplated by the plea agreement." *Id.* at 13. Appellant argues he relied on the terms of the plea agreement concerning the amount of credit time he would receive, and that he "had no reasonable basis to suspect his sentence was different than the terms of the plea agreement." *Id.* at 14. Appellant asserts that "due diligence" did not require him "to continue to re-confirm his own release date while incarcerated." *Id.*[8] Appellant asserts nothing "occurred during his period of incarceration to give him reason to suspect that anything about his sentence had changed prior to [Appellant] receiving the [October 5, 2021,] DC16E Sentence Summary." *Id.* Appellant maintains that "[s]hortly after" the Sentence Summary alerted him that he had not received the credit time he had expected, "Appellant took measures to remedy the situation." *Id.*

_____

[8] Appellant argues his Exhibit 2, "appended to the October 4, 2022, [amended] petition[s,] clearly contemplates over five years of credit that Appellant was due to receive." Appellant's Brief at 14. Appellant's Exhibit 2 is a DC16E Sentence Summary dated July 15, 2019. *See* Amended Petitions, 10/4/22, Exhibit 2. However, this document appears to summarize only Appellant's sentence in the 2008 case. *Id.* The document refers to parole detainers/violations arising from the four instant cases, but does not incorporate the sentences imposed in those cases. *Id.* Contrary to Appellant's assertion, we are unable to discern any reference to credit time.

The PCRA court determined Appellant failed to plead and prove the newly discovered fact exception:

> [Appellant] alleges he was not aware that he was not granted credit for time served until his inmate number changed and a new DC16E sentence summary was published and provided to him. … However, [Appellant] fails to provide any facts to support his [invocation of the newly discovered fact exception. Appellant] did not plead why this information was unknown to him and what due diligence he exercised to determine this information. In the [amended p]etition[s] filed by counsel and verified by [Appellant], it clearly states "[Appellant] was <u>not made aware</u> that he was not granted credit for time served as contemplated by the plea agreement and specifically stated in the sentence order until his inmate number changed and a new DC16E sentence status summary was published." [Amended Petitions, 10/4/22, ¶] 8 (emphasis added). Ignorance is not a defense. Despite [Appellant] claiming this evidence is "new" information to him, … [Appellant] failed to plead specific facts to demonstrate why this information was not available to him. He further failed to plead when this information became available to [DOC].

PCRA Court Opinion, 4/18/23, at 5-6; **see also** PCRA Court Opinion, 3/11/24, at 2 (Judge Piecuch's opinion, stating "an evidentiary hearing is not warranted for the reasons set forth in Judge Sholley's [April 18, 2023,] opinion, which this [c]ourt hereby adopts.").

The PCRA court's analysis is supported by the record and free from legal error. Our review confirms Appellant failed to allege any facts establishing that the information contained in the October 5, 2021, Sentence Summary could not have been ascertained earlier by the exercise of due diligence.

We further note that the record belies Appellant's allegation that he was unaware of his credit time status until he received the October 5, 2021, Sentence Summary. In his November 30, 2020, PCRA petitions, Appellant

- 10 -

sought to vacate his guilty pleas in the four instant cases because he had misunderstood the consequences regarding his "back time" in the 2008 case. *See* PCRA Petitions, 11/30/20, at 3-4. Our review discloses Appellant's first petitions asserted essentially the same claims as the instant petitions. As the first petitions make clear, Appellant knew at least as early as November 2020 that he would not receive the credit time he had initially expected. Therefore, the October 5, 2021, Sentence Summary did not constitute a newly discovered fact. Rather, it was, at best, "a newly discovered … source for previously known facts." *Lopez*, 249 A.3d at 999 (emphasis omitted).

For these reasons, we discern no error in the PCRA court's dismissal of Appellant's petitions as untimely filed. Accordingly, Appellant's first two issues merit no relief.

In his third issue, Appellant argues that the coordinate jurisdiction rule did not bar Judge Piecuch from reconsidering Judge Sholley's decision to dismiss Appellant's petitions without a hearing. Appellant's Brief at 11-12.

> The coordinate jurisdiction rule, put simply, states that "judges of coordinate jurisdiction should not overrule each other's decisions." *Zane v. Friends Hosp.*, 836 A.2d 25, 29 (Pa. 2003). The rule, applicable in both civil and criminal cases, "falls within the ambit of the 'law of the case doctrine.'" *Riccio v. American Republic Ins. Co.*, 683 A.2d 1226, 1230 (Pa. Super. 1996) (citing *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995)). Our Supreme Court explained in *Starr* that the law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Starr*, 664 A.2d at 1331. "Among the related but distinct rules which make up the law of the case doctrine" is the rule that "upon transfer of a matter

- 11 -

between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court." *Id.*

*King*, 999 A.2d at 600 (citations modified).

Here, because Judge Piecuch agreed with and adopted Judge Sholley's decision, we need not consider whether the coordinate jurisdiction rule would have barred him from altering that decision. *See* PCRA Court Opinion, 3/11/24, at 2. Appellant's third issue merits no relief.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/28/2024

- 12 -